EMMA A. TAYLOR, as Executrix of ROYAL A. JOHNSON, Deceased, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

**Insurance (life) — surrender value of lapsed policy — effect of failure to pay premium note.**

A policy of life insurance provided that in case of the failure of the insured to pay a premium after the policy had been in force three full years it should be continued for its full amount, as provided in a table which was made a part of the policy or for a reduced amount of paid-up insurance, as also provided by said table. The table was headed "Table of guarantees, if payment of premiums is discontinued. Provided there is no indebtedness against this Policy. (Pursuant to the Insurance Law (Chapter 690, Laws of 1892) of the State of New York.)" It provided for continued insurance until October 20, 1906, if premiums are paid to December 20, 1898, and until June 20, 1911, if premiums are paid to December 20, 1899. The insured paid the premiums thereon for three years. A note was given and accepted for the premium due December 20, 1898. Thereafter he wholly defaulted in his obligations · to the insurer and died October 21, 1906. *Held*, that the policy, including the table therein, was *intended as a compliance with said statute;* that as the statute requires the insurer to give continued insurance for an amount computed as therein directed "after deducting any indebtedness of the insured" the insurer rightfully deducted the amount due on the note of the insured in computing the time for which the insured was entitled to continued insurance, and as the time so computed expired prior to the death of the insured his personal representative is not entitled to recover the full amount of the policy.

*Taylor* v. *N. Y. Life Ins. Co.*, 131 App. Div. 922, reversed.

(Argued January 7, 1910; decided January 25, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 9, 1909, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James H. McIntosh, Jerome L. Cheney* and *Frank J. O'Neill* for appellant. After the lapse of this policy the contract of the parties, consisting of the policy and the non-

forfeiture law of the state, which was a part of the policy and of the premium lien note, fixed and determined their respective rights and obligations. (*Holly* v. *M. L. Ins. Co.*, 105 N. Y. 437; *Gray* v. *Barge*, 47 Minn. 498; *Marshall & Co.* v. *Pittsburg & Co.*, 138 Penn. St. 321; *Chandler & Co.* v. *Knobb*, 86 Iowa, 318; *City of Galveston* v. *Devlin*, 84 Tex. 319.) By its express terms the policy only gave extended insurance in case there was no indebtedness to the company at the time of lapse; but there was an indebtedness to the company, and hence the table of extended insurance contained. in the policy did not apply. The policy contained no express provision for insurance benefits in the event of lapse with an indebtedness except that it expressly made the laws of the state a part of it, and the non-forfeiture statute of the state gave the right to such an amount of continued or paid-up insurance as the excess of the legal reserve over the indebtedness at the time of the lapse would buy. (*O. Nat. Bank* v. *M. B. L. Ins. Co.*, 84 Fed. Rep. 122; 81 Fed. Rep. 935; *Patch* v. *P. M. L. Ins. Co.*, 44 Vt. 481; *Goodwin* v. *M. M. L. Ins. Co.*, 73 N. Y. 480; *N. Y. L. Ins. Co.* v. *Statham*, 93 U. S. 24; *McIntyre* v. *C. S. L. Ins. Co.*, 82 Ga. 491; *Emig* v. *M. B. L. Ins. Co.*, 32 Ky. L. R. 484.)

*Charles E. Spencer* for respondent. The note made by the insured and Frances L. Johnson, and given to the defendant contemporaneously with the assumption of the obligation, and received in payment of the premium due December 20, 1898, on policy No. 709,974, is entitled to the same force and effect as a payment of said premium as though such payment had been made in cash. (*Goodwin* v. *M. M. L. Ins. Co.*, 73 N. Y. 480; *Waydell* v. *Luer*, 3 Den. 410; *Shaw* v. *R. L. Ins. Co.*, 69 N. Y. 286; *Camp* v. *Smith*, 49 Hun, 100; *Whitbeck* v. *Van Ness*, 11 Johns. 409; *Noel* v. *Murray*, 13 N. Y. 167; *Gibson* v. *Tobey*, 46 N. Y. 637; *Hall* v. *Stevens*, 116 N. Y. 201; *Dibble* v. *Richardson*, 171 N. Y. 131; *McLean* v. *Griot*, 118 App. Div. 100; *M. M. L. Ins. Co.* v. *Boyce*, 42 Mich. 19.) The contract of insurance and the note

in question should be construed favorably to the plaintiff. (*Kratzenstein* v. *W. Ins. Co.*, 116 N. Y. 54, 59; *Ferguson* v. *U. M. L. Ins. Co.*, 187 Mass. 8; *I. F. Ins. Co.* v. *Coos County*, 151 U. S. 450; *L. & L. & G. Ins. Co.* v. *Kearney*, 180 U. S. 134.) Failure to pay a premium note when due will not work a forfeiture unless it is expressly so provided, notwithstanding a provision in the policy that non-payment of premium shall work a forfeiture. (19 Am. & Eng. Ency. of Law [2d ed.], 47; *Shaw* v. *R. L. Ins. Co.*, 67 Barb. 586; *M. L. Ins. Co.* v. *Allen*, 212 Ill. 134; *McAllister* v. *N. E. M. L. Ins. Co.*, 101 Mass. 558; *M. M. L. Ins. Co.* v. *Boyce*, 42 Mich. 19; *Stepp* v. *N. L. Assn.*, 37 S. C. 417.) The words "right to a surrender value or paid-up policy, which may be provided in said policy or by statute," as contained in said note, cover and include the provision for continued insurance as set forth in the non-forfeiture provision of the policy. (*Drury* v. *N. Y. L. Ins. Co.*, 115 Ky. 681.) The note was not an indebtedness against the policy within the meaning of the words "provided there is no indebtedness against this policy," which precede the schedule relative to continued and paid-up insurance. (*N. Y. L. Ins. Co.* v. *Smith*, 139 Ala. 303.)

CHASE, J. The defendant issued to the plaintiff's testator in his lifetime and on the 20th day of December, 1895, a policy of life insurance for $5,000. The annual premium thereon was $304. The policy contained provisions as follows: "This policy cannot be forfeited after it shall have been in force three full years as hereinafter provided.

"*First.* If any premium subsequently due is not paid as hereinbefore provided, this Policy will be continued for its full amount as provided in the Table below, subject to the conditions of this Policy, but without further payment of premiums, and without loans, participation in surplus and premium-return; or,

"*Second.* If any premium subsequently due is not paid as hereinbefore provided, this Policy will be endorsed for the

reduced amount of paid-up insurance provided in the Table below, if demand is made therefor with surrender of this Policy within six months thereafter subject to the conditions of this Policy, but without further payment of premiums, and without loans, participation in surplus and premiums-return."

The table therein referred to is a part of the policy and it is headed "Table of guarantees, if payment of premiums is discontinued. Provided there is no indebtedness against this Policy. (Pursuant to the Insurance Law (Chapter 690, Laws of 1892) of the State of New York.)"

It provides that the policy will be continued for its full amount of $5,000 until October 20, 1906, if the premiums are paid thereon to December 20, 1898, and until June 20, 1911, if the premiums are paid thereon to December 20, 1899. It also provides that the policy will be indorsed as in the policy provided for $1,000 of paid up insurance if the premiums are paid to December 20, 1898, and for $1,333 of paid-up insurance if the premiums are paid to December 20, 1899.

The testator paid the premiums on said policy in cash for the years 1895, 1896 and 1897. On December 20, 1898, instead of paying the premium in cash he gave to the defendant a note of which the following is a copy:

"PREMIUM LIEN NOTE.

"$304.00.                           *December 20th,* 1898.

"Twelve months after date I promise to pay to the order of the New York Life Insurance Company, at the office of the said Company in the city of New York the sum of three hundred four and 00/100 dollars with interest at the rate of five per cent per annum (for value received); being for premium due on December 20, 1898, on Policy No. 709,974 issued by said Company on the life of Royal A. Johnson.

"It is Understood and Agreed:

"1. That this note may be renewed, if the interest thereon and subsequent premiums on said policy are duly paid.

"2. That unless said interest and premiums are duly paid,

said policy and its accumulations shall immediately become forfeited and void except as to the right to a surrender value or paid-up policy which may be provided in said policy or by statute.

" 3. That in the settlement of any claim or any benefit under said policy, before this obligation shall have been fully paid, the amount thereof shall be deducted from the amount otherwise payable by said Company.

" Signature of the person for whose benefit the insurance is effected :

" FRANCES L. JOHNSON.

" Signature of the person whose life is insured :

" ROYAL A. JOHNSON."

He paid the interest on said note in advance for one year but never made any other payment on account of the policy or the note and he did not surrender his policy or make a demand upon the defendant for continued or paid-up insurance.

The testator died October 21, 1906. The beneficiary named in the policy died before the testator and the policy by its terms became payable to the executors, administrators and assigns of the insured. The plaintiff as executrix brought this action for the face amount of the policy and she has recovered judgment therefor less the amount of said premium note and the interest thereon to the time of the testator's death.

When the note of December 20, 1898, was given the defendant issued to the testator a receipt in the usual form for the premium due that day. The note was accepted as a payment. As we have seen, the insured wholly defaulted in his obligations to the defendant from and after December 20, 1899. The rights of the insured and those claiming through the policy after December 20, 1899, must be determined by ascertaining the intention of the parties to the contract. The contract is expressed in the policy and it should be read in

connection with the application therefor and the Insurance Law of the state of New York and also with the supplemental agreement as expressed in the note. The table of guarantees in the policy is based upon the statutes of this state and the amounts stated therein are computed as directed by statute according to the American Experience Table of Mortality, assuming that there is no indebtedness in favor of the company against the insured to be first deducted from the dividend additions before the computation is made.

The statute (L. 1892, ch. 690, § 88) provides: " Whenever any policy of life insurance  *  *  *  after being in force three full years, shall, by its terms, lapse or become forfeited for the non-payment of any premiums or any note given for a premium or loan made in cash on such policy as security, or of any interest on such note or loan, the reserve on such policy computed according to the American Experience Table of Mortality at the rate of four and one-half per cent per annum shall, on demand made, with surrender of the policy within six months after such lapse or forfeiture, be taken as a single premium of life insurance at the published rates of the corporation at the time the policy was issued, and shall be applied, as shall have been agreed in the application or policy, either to continue the insurance of the policy in force at its full amount so long as such single premium will purchase temporary insurance for that amount, at the age of the insured at the time of lapse or forfeiture, or to purchase upon the same life at the same age paid up insurance payable at the same time and under the same conditions, except as to payments of premiums, as the original policy.  *  *  *  The reserve hereinbefore specified shall include dividend additions calculated at the date of the failure to make any of the payments above described according to the American ExperienceTable of Mortality with interest at the rate of four and one-half per cent per annum after deducting any indebtedness of the insured on account of any annual or semi-annual or quarterly premium then due, and any loan made in cash on such policy, evidence of which is acknowledged by the insured in writing."

The table could not prescribe the amount of continued or paid-up insurance in case of indebtedness of any kind because the extent of the continued or paid-up insurance would be dependent upon the amount of the indebtedness to be first deducted before the continued or paid-up insurance was computed.

The table is inserted in the policy to show the rights of or benefits to the insured in continued or paid-up insurance in case of default at specified times in paying the premium to become due on the policy. The guarantees stated in such table are the benefits or rights expressly given by the statute.

The statute does not purport to require continued or paid-up insurance after default except to the extent of "the reserve on such policy computed according to the American Experience Table of Mortality at the rate of four and one-half per cent per annum" including "dividend additions" calculated as in the statute stated, "*after deducting any indebtedness of the insured on account of any annual * * * premium then due.*"

It is also expressly provided by the note that in the settlement of any claim or any benefit under the policy before the note shall have been fully paid the amount thereof shall be deducted from the amount otherwise payable by the company.

The defendant placed at the head of the table the words "Provided there is no indebtedness against this policy," and expressly referred to the statute, and we are of the opinion that the word "indebtedness," as there used, was intended to include any indebtedness against the insured in favor of the insurer in all respects the same as it is intended when used in the statute as quoted. The intention of the parties to the contract was to comply with the statute of 1892. The time that the insurance would be extended or the amount of the paid-up insurance was definitely fixed and determined in the policy in all cases where it was possible so to fix and determine the time or amount in advance. In all cases of indebtedness the continued or paid-up insurance was dependent upon the amount of the indebtedness. The fact of an indebtedness to

the defendant did not forfeit the right to continued or paid-up insurance, but simply left the time of the extension or the amount of the paid-up insurance dependent upon a computation to be made when the amount of the indebtedness was determined.   It appears by the record that the time for which the insurance could be extended when computed as the statute is construed by us expired prior to the death of the insured and the plaintiff is, therefore, not entitled to recover the full amount of the policy.

It also appears that the defendant assumed that by said note the insured had elected in case of a forfeiture as provided by the policy to take paid-up insurance as provided by the statute and that such paid-up insurance was then computed by the company at $788 and that the defendant is willing to pay to the plaintiff the amount of such paid-up insurance.

The judgment should be reversed and a new trial granted, with costs to abide the result.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; EDWARD T. BARTLETT, J., absent.

Judgment reversed, etc.