BARTHOLOMEW v. SECURITY MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Third Department. Sept. 14, 1910.)

1. INSURANCE (§ 353*)—INSURANCE LAW—PREMIUMS—NOTICE—MATURITY OF PREMIUM NOTE.

   Insurance Law (Laws 1892, c. 690) § 92, requiring insurance companies to give written notice of the maturity of premiums on life policies, did not require notice of the maturity of a premium note providing that, if it was not paid when due, the policy should become void, as a condition to the insurer's right to terminate the policy, on nonpayment of the note at maturity.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 905; Dec. Dig. § 353.*]

2. INSURANCE (§ 366*) — LIFE POLICY — PREMIUM—NONPAYMENT—RESERVE—APPLICATION TO EXTENDED INSURANCE—NOTICE.

   Insurance Law (Laws 1892, c. 690) § 88, provides that the reserve on a policy on demand made with surrender of the policy within six months after its lapse or forfeiture may be applied either to continue the policy in force at its full amount so long as such reserve will purchase temporary insurance for that amount at the age of the insured at the time of the lapse or forfeiture, or to purchase paid-up insurance, and such reserve may be applied in either of the modes at the option of the owner of the policy, notice of such option to be contained in the demand; and such reserve shall include dividend additions after deducting any indebtedness of the insured on account of any annual or semiannual or quarterly premium then due. Held that, where insured died within six months after the policy lapsed, his death within that time operated as a substitute for notice and exercise of the option, and that the policy was automatically continued for such a length of time as the reserve applicable thereto would purchase temporary insurance.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 934; Dec. Dig. § 366.*]

3. INSURANCE (§ 367*)—NONPAYMENT OF PREMIUMS—TEMPORARY INSURANCE—PURCHASE BY RESERVE—INDEBTEDNESS OF INSURED.

   Insurance Law (Laws 1892, c. 690) § 88, provides that, on forfeiture of a life policy for nonpayment of premiums, insured on his election within six months may have the policy continued in force by application of the reserve and dividends for such a length of time as the reserve and dividends would purchase temporary insurance for that amount at the age of insured at the time of the lapse. Insured, not having paid an annual premium when due, executed a note therefor containing an agreement that, if it was not paid when due, the policy should at once become null and void, and that insured should pay insurer at the rate of the premium stated in the policy for the insurance from the date when the premium fell due to the time when the policy ceased to be in force. The note was not paid at maturity, and within six months after its maturity insured died, of which the insurer was given immediate notice, and at this time there was available $10.44 of reserve to continue the policy for the period

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of a year, 101.days. *Held* that, at the death of insured, he was not liable for the whole amount of the premium note, but only for a proportionate amount of the premium for the time the policy was in force after the note was given, 'and, this sum being less than the amount available to purchase continued insurance for a period longer than the time that it had lapsed before insured died, the policy was in full force at the time of his death.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 935, 938; Dec. Dig. § 367.*]

Smith, P. J. and Houghton, J. dissenting.

Submission of controversy upon an agreed statement of facts under Code Civ. Proc. § 1279, by Julia L. Bartholomew against the Security Mutual Life Insurance Company. Judgment for plaintiff.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

John G. Pembleton, for plaintiff.
Israel T. Deyo, for defendant.

COCHRANE, J. February 19, 1900, the defendant issued a policy of insurance for the sum of $1,000 on the life of plaintiff's husband payable at his death to the plaintiff if living in consideration of the annual premium of $24.70 payable in advance on or before the 19th day of February in every year. In his application for the insurance the insured stated his age to be 29 years on his nearest birthday which was the preceding December 7, 1899. February 19, 1903, the insured gave to the defendant his note for the annual premium then due payable 90 days after date, with interest. An agreement accompanying the note provided that, if it was not paid at maturity, the policy should ·at once become null and void, and that in such case the insured was to pay the defendant "at the rate of premium stated in said policy for the insurance from the date when the premium fell due to the time when said policy ceased to.be in force." Such note has not been paid.

Within six months after the maturity of said note and on November 17, 1903, the insured died. On the same day plaintiff notified the defendant by telephone of his death, and on the following day informed it by letter of such fact, calling attention to the policy of insurance. To this letter the defendant made answer that the policy had lapsed by reason of nonpayment of the premium in the preceding May when said note matured. Defendant gave due notice under section 92 of the insurance law (Laws 1892, c. 690) of the premium falling due February 19, 1903. Plaintiff, however, claims that the defendant is not at liberty to declare the policy forfeited or lapsed because, under said section, it was also its duty before such forfeiture ·could be declared to give a similar notice in respect to the maturity of the note. It was held otherwise in Conway v. the Phœnix Mutual Life Insurance Company, 140 N. Y. 79, 35 N. E. 420, under a statute which was no less favorable to the contention of the plaintiff in this respect than said section 92. We think that authority is controlling on this court in respect to this branch of the case. In Banholzer v. New York Life Insurance Company, 74 Minn. 387, 77 N. W. 295, 78 N. W. 244, the same ques-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion arose under said section 92 as is here presented, and the court in that case applied and followed the Conway Case.

Plaintiff further contends that the policy was in force for the full amount thereof at the time of the death of the insured because the reserve on such policy was sufficient to extend the same for such full amount until after his death. This contention is based on section 88 of the insurance law under the provisions of which section the reserve on this policy "on demand made with surrender of the policy within six months after" its lapse or forfeiture may be applied either to continue the policy in force at its full amount so long as such reserve would purchase temporary insurance for that amount at the age of the insured at the time of lapse or forfeiture or to purchase paid-up insurance, and such reserve may be "applied in either of the modes above specified at the option of the owner of the policy, notice of such option to be contained in the demand" required to be given. Said section 88 contains this further provision:

"The reserve hereinbefore specified shall include dividend additions * * * after deducting any indebtedness of the insured on account of any annual or semiannual or quarterly premium then due."

The insured died within six months after the policy lapsed, and no demand was made that the reserve on the policy be applied either to extend the insurance for the full amount temporarily or to the purchase of a paid-up policy, nor was any option exercised as to which of those two alternatives would be adopted. I do not think such demand or the exercise of such option is necessary to make effective the provisions of said section 88 where the insured dies within the period of six months allowed for that purpose. The death of the insured before the time limited for the exercise of his rights under the statute operates as a substitute for the requirements of the statute as to notice and the exercise of the option. The purpose of the statute in this respect has reference to the future rights of the parties based on the assumption of the continuance of the life of the insured, and has no reference to a situation such as is here presented, where the insured dies within the time specified for making his demand and exercising his option. The defendant was promptly notified within the six months of the death of the insured. The elements of a choice or option in such case do not exist. The situation left no occasion for the exercise of judgment as between extended insurance for the full amount or a paid-up policy for a part of the amount. Death has fixed the rights of the parties, and, if the insurance by virtue of the statute has been extended temporarily to the time of the death of the insured, there is no difficulty on the part of the plaintiff in recovering the full amount of the policy.

This policy lapsed May 19, 1903, at the maturity of the premium note. By the terms of the agreement accompanying the note, there was then due thereon not the full amount thereof, but so much thereof as represented the "premium stated in said policy for the insurance from the date when the premium fell due to the time when said policy ceased to be in force." Payment of the full amount of the note was necessary to prevent a lapse of the policy, but, if the insured elected to suffer his policy to lapse, he was in that event liable to the defendant

only for so much of the note as represented the premium on the policy to the time when it lapsed. In other words, there was due the defendant May 19, 1903, on said note $6.27 for premium on the policy, including interest for the three months from February 19, 1903, to May 19, 1903, when the note matured and the policy lapsed.

The submission contains the following statement of facts:

"The entire reserve on said policy at the end of the third policy year, February 19, 1903, including all dividend additions, was fifteen dollars sixty-six cents ($15.66), of which amount (provided no deduction be made for the annual premium due on that date) the sum of ten dollars forty-four cents ($10.44) was available to continue said policy in force at its full amount at the age of the insured at that time, for a period of one year one hundred one days, * * * all according to the provisions of section 88 of the Insurance Law then in force."

If on February 19, 1903, "the sum of ten dollars forty-four cents ($10.44) was available to continue said policy in force at its full amount at the age of the insured at that time, for a period of one year one hundred one days," it would seem to be logical that the same amount of reserve must have been available three months later, when the policy lapsed, to accomplish the same result; it appearing that the age of the insured at his nearest birthday remained the same, subject, however, to whatever indebtedness of the insured for premium existed at the expiration of said three months. As stated, there was then due on the premium note $6.27, which under the statute must be deducted from the reserve amount of $10.44 to form the basis for extended insurance (Taylor v. New York Life Insurance Company, 197 N. Y. 324, 90 N. E. 964), leaving a balance of $4.17. If $10.44 would extend the insurance "one year one hundred one days," it would seem that $4.17 would extend it for a proportionate time, and, if that be correct, a simple mathematical computation demonstrates that the reserve after deducting the premium due was sufficient to extend the policy until after the death of the insured. If these conclusions of fact are not correct, the statement of facts submitted should have so informed us. If our conclusions are correct, this policy was in force for the full amount when the insured died.

The parties have stipulated that, if the policy was in force at the time of the death of the insured, plaintiff is entitled to recover $999.-93 with interest from November 18, 1903, for which amount judgment is ordered in favor of plaintiff, without costs. All concur, except SMITH, P. J., and HOUGHTON, J., dissenting.