BEATRICE LANGE, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Third Department, December 29, 1937.

*Martin T. Nachtmann,* for the appellant.

*Solomon M. Gilens* [*Borden H. Mills* of counsel], for the respondent.

RHODES, J.   The action is brought to recover the full amount of a lapsed policy of life insurance less indebtedness of the insured to the insurer.

The question presented is whether the provisions of section 88 of the Insurance Law govern; if so, then the full amount of the policy, less indebtedness, is payable; if not, then there is payable a much less amount as fixed by option (b) of the policy.

The defendant heretofore issued an endowment policy insuring the life of Victor H. Lange for the sum of $5,000, the policy bearing date April 21, 1925, and providing for annual premiums for fifty-eight years from the date of issue or until prior death.   The annual premiums were paid until April 21, 1935; the premium for that year was not paid upon its due date nor within the grace period of thirty-one days thereafter, provided for by the policy.   The policy, therefore, lapsed, except as to the options and values after lapse as provided by its terms.

The insured had previously borrowed of the insurer, securing his indebtedness by the policy, the amount of such indebtedness at the time of the lapse being $467.16.   This was the state of affairs when the insured died on June 13, 1935.

The policy provides that in case of lapse after the payment of premiums for two full years thereon, " The Owner hereof or the Assignee of record, if any, upon written request filed with the Company at its Home Office, together with the presentation of this Policy for legal surrender or indorsement within three months after the due date of any premium in default, shall be entitled to one of the following options:" (a) Cash surrender value; (b) Paid-up endowment insurance; (c) Paid-up term insurance.   (The amount and value of each of these options is less than the full amount of the policy.)   The policy then provides: " If the Owner or the Assignee of record, if any, shall not avail himself of one of the foregoing options, in the manner hereinbefore provided, within three months after the due date of the premium in default, this

policy will be continued by the Company, for a reduced amount of non-participating Paid-up Endowment Insurance, as provided under Option (b) above."

Section 88 of the Insurance Law, so far as pertinent, is to the effect that if any such policy of life insurance " shall by its terms lapse or become forfeited by the nonpayment of any premium * * * the reserve on such policy * * * together with the value of any dividend additions upon said policy, after deducting any indebtedness to the company * * * shall upon demand not later than three months after the date of lapse with surrender of the policy be applied as a surrender value as agreed upon in the policy, provided that if no other option expressed in the policy be availed of by the owner thereof, and *if the policy itself does not direct what option shall become operative in default of selection by the owner*, the same shall be applied to continue the insurance in force at its full amount * * * so long as such surrender value will purchase non-participating temporary insurance."

The reserves and additions to the policy were sufficient to pay for and continue the insurance at its full amount less the outstanding indebtedness of the insured for a term extending beyond the date of his death, and the court below held that plaintiff was entitled to such amount by virtue of the provisions of the statute.

The appellant insists that this construction is erroneous, arguing that the statute by its terms has no application if the policy itself directs what option shall become operative in default of selection by the owner; that by the terms of the policy, in default of election by the owner or assignee, the policy will be continued by the company for a reduced amount of non-participating paid-up endowment insurance, as provided under option (b) above; that the insured having failed to exercise his election, this provision automatically became effective and that the entire liability of the company was to provide such paid-up endowment insurance or to pay its equivalent in cash.

(Aside from the strict terms and provisions of the policy and purely as a gratuitous concession to the insured, appellant makes the statement that there was sufficient reserve after deducting the indebtedness of the insured to procure term insurance amounting to $436, which, with interest thereon, amounted to $440.01; that this sum represents the full amount of defendant's obligation under the policy terms, which amount defendant tendered to plaintiff and which tender was refused.)

The policy provides for the automatic taking effect of option (b), after a lapse, in case of the failure of the *owner* or his *assignee* to exercise an election as to the option desired.

The policy does not in terms specifically provide for an election by the beneficiary in case of the death of the insured within the three months permitted to the insured to exercise an election, but the appellant insists that upon the death of the insured the beneficiary became the owner of the policy and thus as owner became entitled to exercise an election as to which option she would accept; that she, thus having the right to exercise an election and having failed so to do, option (b) of the policy automatically became effective and operative.

The decisions of different States are not in agreement as to whether the right of election terminates with the death of the insured or upon such death passes to the beneficiary.

Each counsel in the present case has cited decisions from other States tending to support the position asserted in behalf of his client. A discussion of those cases would prove of little assistance here. A review of many of the authorities is to be found in *Pacific States Life Ins. Co.* v. *Bryce* (67 F. [2d] 710). In that case it was held that the right of election terminated with the death of the insured. A part of the footnote to the opinion in that case states: " For the reasons stated in the opinion we do not feel that we are presently called upon to go further than to note that the weight of authority is opposed to the view that a beneficiary may exercise a policy option after the death of the insured."

Counsel for the appellant herein states that he bases his contention that the beneficiary had the right to elect after the death of the insured upon two cases, *Wheeler* v. *Conn. Mut. Life Ins. Co.* (82 N. Y. 543) and *Bartholomew* v. *Security Mut. Life Ins. Co.* (140 App. Div. 88; affd., 204 N. Y. 649). These cases do not uphold his construction.

In *Wheeler* v. *Conn. Mut. Life Ins. Co.* (*supra*) the policy had been assigned by the insured, and the insured defaulted in payment of premium. The policy provided that in case of such default the company would grant a paid-up policy for such amount as the then present value of the policy would purchase, provided the policy be transmitted to and received by the company and application be made for such paid-up policy within one year after default. The insured died within one year after default and the assignee made demand for such paid-up policy. It was held that the assignee stood in the place of the insured and was entitled to a paid-up policy or its value.

*Bartholomew* v. *Security Mut. Life Ins. Co.* (*supra*) does not reach the point here involved; in fact, it is to some extent an authority in favor of the plaintiff. In that case the insured defaulted in

the payment of premium and died within six months thereafter. The beneficiary gave notice of death to the insurer and brought action to recover for the full amount of the policy, basing the right thereto on section 88 of the Insurance Law which then provided that upon such default the reserve applicable to such policy might be applied either to continue the policy in force or to purchase paid-up insurance at the option of the insured. The court held that death had fixed the rights of the parties; that the beneficiary was entitled to demand the more favorable of the two alternatives allowed by the statute.

In the case at bar the rights of the insurer and the insured under the policy became fixed by the death of the insured and the right of the beneficiary to enforce the death claim immediately came into being. In the absence of specific authorization in the policy or the statute no right of election as to the policy options passed to her; to hold otherwise would require the interpolation into the policy of language it does not contain.

The conclusion is that the beneficiary had no right of election; that the policy fails to provide a method of payment in case of death of the insured without having exercised his election; that the provisions of section 88 of the Insurance Law apply; that thereunder plaintiff was entitled to a paid-up policy or the value thereof less the indebtedness of deceased, and that the order and judgment below were proper.

The judgment should be affirmed, with costs.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Order and judgment affirmed, with costs.