MARCEL BORGERS, Administrator with the Will Annexed of All and Singular the Goods, Chattels and Credits of JAMES T. TENEY, Deceased, Respondent, Appellant, v. THE TRAVELERS INSURANCE COMPANY, Appellant, Respondent.

Second Department, March 3, 1941.

*Francis P. Burns*, for the respondent, appellant.

*Bernard J. McGlinn*, for the appellant, respondent.

TAYLOR, J. The facts are not disputed. Plaintiff administrator sues to recover the proceeds of a policy issued by the defendant on the life of James E. Teney, in the sum of $1,000, dated December 8, 1922, payable to the estate of the insured, " less such sum as the insured may have borrowed in his lifetime on

said policy." The annual premium, which was $28.51, was payable in advance on each December eighth. Default occurred in the payment due December 8, 1933, the tenth anniversary of the policy. No premiums were paid thereafter.

The policy provided for a period of grace of thirty-one days, which kept it in force until January 8, 1934. On that day the insured borrowed on it $207.83, which was its full cash loan value throughout 1933. Neither principal of, nor interest on, the loan was ever paid to defendant. The premium then due was not paid out of the proceeds of the loan; and the inference that the insured intentionally abandoned the policy is warranted. He failed to keep it in force by paying the overdue premium and those accruing subsequently until his death, which occurred on January 31, 1939. If the policy had been kept alive to that date, seven additional premiums, aggregating $199.57, would have been paid by the insured.

Among the policy provisions relating to cash loans, under the heading " Special Privileges," is: " * * * If the total indebtedness shall equal or exceed the cash value at the time of failure to repay any such loan or to pay interest when due, such failure shall render this contract null and void at the expiration of one month after due notice shall have been mailed by the Company to the last known address of the person to whom the loan shall have been made and of the Insured, or assignee, if any."

On December 8, 1933, when the premium and interest on the loan became due, they were not paid, and the total indebtedness of the insured on the loan exceeded the cash value of the policy by the amount of interest then due. On January 9, 1934, defendant mailed to the insured at his last-known address, as provided in the loan agreement, a letter notifying him that the premium and interest due December 8, 1933, had not been paid; that the grace period provided in the contract had expired; and that if the failure to pay continued, the contract would become null and void thirty-one days from the date of the letter without further notice.

Disregarding plaintiff's failure to plead performance on the part of the insured, it is clear from the above-stated facts, which were pleaded as a defense, and amplified by affidavits, that the defendant was entitled to judgment. (*Stevens* v. *Mutual Life Ins. Co.*, 227 N. Y. 524, 528.)

The same result is reached on plaintiff's case, the theory of which is that on the premium default of December 8, 1933, the policy was " automatically continued " in force for 10 years and 253 days, and that on the death of the insured, which occurred within that time, defendant was required to pay the amount of the policy less the amount of the loan and unpaid interest — a theory resting solely

on the ninth entry in a table incorporated in the policy, wherein it is stated that during the eleventh year of the policy its cash and loan value would be $207.83 (the amount borrowed on it), and that the insurance would be continued automatically for 10 years and 253 days. That stipulation does not apply here because of the indebtedness of the insured to the company.

It is provided in the policy, under " Non-Forfeitable Privileges," that on a premium default, " if there shall be no indebtedness to the Company," the insured shall be entitled, at his option, to term insurance (in the eleventh year, 10 years and 253 days), to paid-up insurance, or, cash value of the policy, if any, all as specified in the table.

In the next paragraph it is provided, in material part (italics mine): " *If there shall be an indebtedness to the Company*, and if any premium shall not be paid on or before the date when due, an amount of insurance equal to the face amount of this contract *less the indebtedness*, will automatically continue from said due date as term insurance, for the term, including the period of grace, which the excess of the cash value of the contract, if any, *over the indebtedness* will purchase at the then age of the Insured, \* \* \*."

The same paragraph is incorporated in the loan agreement signed by the insured and witnessed by the present plaintiff, in which there is this additional paragraph: " (d) Where the total indebtedness shall equal or exceed the cash value of the contract upon which this loan was made the Company shall apply the cash value of the contract in cancellation of the indebtedness of the party of the second part and treat this assignment as a surrender of the contract which shall thereupon be null and void."

Upon this showing the defendant was entitled to judgment (*Manufacturers Trust Co.* v. *Equitable L. Assur. Soc.*, 244 App. Div. 357, 359; *Taylor* v. *New York Life Ins. Co.*, 197 N. Y. 324, 330; *McCormack* v. *Security Mut. Life Ins. Co.*, 220 id. 447, 458; *Holland* v. *John Hancock Mut. Life Ins. Co.*, 279 id. 218, 226); and its cross-motion for summary judgment was improperly denied. For the same reason, the plaintiff's motion for similar relief was properly denied.

On the appeal by the plaintiff, the order denying his motion to strike out the answer and for summary judgment should be affirmed, with ten dollars costs and disbursements.

On the appeal by the defendant, the order denying its motion to dismiss the complaint should be reversed on the law, without costs, and the motion granted, without costs.

LAZANSKY, P. J., HAGARTY, JOHNSTON and ADEL, JJ., concur.

On appeal by plaintiff, order denying motion to strike out answer and for summary judgment affirmed, with ten dollars costs and disbursements.

On appeal by defendant, order denying motion to dismiss the complaint reversed on the law, without costs, and motion granted, without costs.