**MINNING SR., Plaintiff-Appellee, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 7220. Decided July 13, 1950.

Robert G. McIntosh, Cincinnati, for plaintiff-appellee.
Marble & Vordenberg, Cincinnati, for defendant-appellant.

(DOYLE, PJ, of Ninth District: McNAMEE, J, HURD, J, of Eighth District, sitting by designation in First District.)

## OPINION

By McNAMEE, J:

In this appeal on questions of law, defendant seeks a reversal of a judgment of the Court of Common Pleas of Hamilton County in the sum of $1,000.00, in favor of the plaintiff, as the alleged beneficiary of a policy of insurance upon the life of his minor son, Wilbur G. Minning.

Five grounds of error are assigned, but a determination whether the judgment is contrary to law will be dispositive of this appeal. From the agreed statement of facts we learn that in July, 1939, upon the application of the plaintiff, the defendant company issued two policies of insurance upon the lives of the plaintiff's minor sons, namely, Adrian C. Minning Jr., and Wilbur G. Minning. Each policy was in the face amount of $500.00, and provided that upon receipt of proof that the death of the insured occurred as a result, directly and independently of all other causes, of bodily injuries effected solely through external and violent means, the company would pay an additional sum equal to the face amount of each policy.

Plaintiff, Adrian C. Minning Sr., was designated as beneficiary of each policy. Each of the policies reserved to the respective insured (the sons) the right to change the beneficiary and each policy provided further that upon receipt of written application by the respective insured, accompanied by a surrender of the policy, the company would pay to the insured the cash surrender value of the policy. The premiums on the policies were paid or provided by plaintiff until September, 1946, at which time after paying the premiums to July, 1947, he notified the insurance company and his two sons that he would not thereafter pay any premiums. About this time plaintiff separated from his wife and family and on October 29, 1946, his wife who was the mother of the respective insured, filed suit for divorce. Sometime later, a decree of divorce was granted to plaintiff's wife who was awarded custody of the minor children. The court in the divorce decree ordered plaintiff to surrender to his wife "the insurance policies carried on their minor children." At the time of the divorce decree, Adrian C. Minning Jr. was 19 years of age and Wilbur G. Minning was 18 years of age.

On January 14, 1947, the respective insured, Adrian C. Minning Jr., and Wilbur G. Minning, each made application to the defendant company for the cash surrender value of the policies. On Jan. 28, 1947, the defendant company issued its check for $65.76 in payment of the cash surrender value

of the policy on the life of Adrian C. Minning Jr. This check was payble to the order of Adrian C. Minning Jr. and Adrian C. Minning Sr. and was delivered to the son. The check was endorsed by both payees and cashed by the insured, Adrian C. Minning Jr., and in due course was paid by defendant.

On Jan. 29, 1947, defendant issued its check in the sum of $64.72 in payment of the cash surrender value of the policy on the life of Wilbur G. Minning. This check was made payable to the order of the insured and his father Adrian C. Minning Sr. It was delivered to the insured, Wilbur G. Minning who alone endorsed and cashed it. The check was paid by defendant. About two months thereafter, on Mar. 27, 1947, both Adrian C. Minning Jr. and Wilbur G. Minning met death by drowning.

Plaintiff thereafter demanded payment of the insurance as beneficiary of the policies. This demand was refused by defendant on the ground that the policies had been surrendered and cancelled and were not in force at the time of the death of the respective insured. Thereupon, plaintiff as the alleged beneficiary of both policies, instituted suit thereon praying judgment in the sum of $2000.00. A jury was waived and the cause submitted to the trial judge who entered judgment for defendant on the policy that had been surrendered by Adrian C. Minning Jr. No appeal from that judgment was taken by the plaintiff.

On Plaintiff's claim in respect of the policy issued upon the life of Wilbur G. Minning, the trial court rendered judgment in plaintiff's favor in the sum of $1000.00, for the apparent reason that the check issued in payment of the cash surrender value of the policy was not endorsed by plaintiff. It is from this judgment that defendant appeals.

Although the record is silent as to the reasons that impelled the trial court to hold for the defendant on one policy and for plaintiff on the other, it is fairly to be inferred that the trial judge was of the opinion that plaintiff had a vested interest in the policies and that the same could not be surrendered and cancelled without his consent. Presumably the trial court found evidence of such consent in the endorsement by plaintiff of the check issued in payment of the cash surrender value of the one policy, and a lack of such consent in the absence of plaintiff's endorsement on the other check.

It is urged by plaintiff in support of the trial court's judgment in his favor that he had a vested interest in the policy issued upon the life of his son, Wilbur G. Minning, and that

the attempt of the latter to cancel the policy without plaintiff's consent was ineffective. We cannot concur in this view.

The policy was a contract between the defendant company and the insured, Wilbur G. Minning. By its express terms there was reserved to the insured the right to change the beneficiary. It is the settled law of this state that where a policy of life insurance reserves to the insured the privilege of changing the beneficiary, no vested right is acquired by a designated beneficiary prior to the death of the insured.

**Oetting v. Sparks, 109 Oh St 94; Baxter v. Old City National Bank, 46 Oh Ap 533.**

The first paragraph of the syllabus of **Katz v. Ohio National Bank, 127 Oh St 531,** reads:

"Under life policy reserving to insured privilege of changing beneficiary, named beneficiary takes expectancy during insured's life which becomes vested only upon insured's death."

See also: **Atkinson v. Metropolitan Life Ins. Co. 114 Oh St 109.**

Also, by the terms of the policy the insured possessed the right to surrender the same, and obtain the cash surrender value thereof. The exercise of this right was not conditioned upon the consent or acquiescence of the plaintiff, or upon any other condition except compliance by the insured with the procedural requirements of a written application and a surrender of the policy. Except for these requirements, the right of the insured to obtain the cash surrender value was absolute. The right under a life insurance policy to surrender policy, and receive its cash surrender value, is an option to the insured to accept a continuing offer on the part of the insurer and, when exercised, fixes the rights of the parties without further action on the part of the insurer.

**Gram v. Mutual Life Insurance Company of New York 86 New York Supp. (2d) 372; Pacific States Insurance Co. v. Brice 67 Fed. (2d) 710; Northwestern Mutual Life Ins. Co. v. Joseph 103 S. W. 317; U. S. v. Garland 122 Fed. (2d) 118.**

In Lipman v. Equitable Life Assurance Society, 58 Fed. (2d) 15-18, the court said:

"Since the insured had the option to surrender her policy and take the cash surrender value on October 10th, there can be no question but that the rights of the parties became fixed and insured became entitled to the cash surrender

value and nothing more, when she exercised the option. It was not necessary that the defendant do anything. There was a meeting of the minds of the parties when insured accepted the continuing offer of the Company evidenced by the option. Pequot Mfg. Co. v. Equitable Life Assurance Society, 253 N. Y. 116; 170 N. E. 514; McCormick v. Traveler's Ins. Co. 215 Mo. App. 258; Ingram Johnson v. Century Ins. Co. 1909. Ct. of Sessions cases, 5th Series, Scotland, p. 1032."

Although Wilbur G. Minning was but eighteen years of age no question is or can be raised successfully that he was incompetent by reason of his minority to enter into a binding contract for the surrender of the policy.

Sec. 9392-1 GC provides that minors of the age of fifteen years and over shall not, by reason of their minority, be incompetent to contract for insurance on their lives,

"or for the surrender of such insurance, or to give a valid discharge for any benefit accruing or for money payable under the contract, or to contract for the payment of a policy loan."

It is apparent that in applying for the policy in 1939 plaintiff was acting for and on behalf of his sons. In procuring the insurance and paying the premiums thereon from July 1939 to September, 1946, plaintiff was undoubtedly motivated by a natural parental concern for his son's welfare. Plaintiff recognized that he had no vested interest in the policy by reason of his status as a revocable beneficiary thereof. This is evidenced by his conduct in September, 1946, when upon separation from his family he indicated his purpose of refusing further to bear the burden of maintaining his son's life insurance in force. Plaintiff was without power to surrender the policy and obtain the cash value thereof. The contract of the company was with the son. The son alone possessed the right to surrender the policy for its cash surrender value. Plaintiff's possession of the policy and his payment of the premiums to July, 1947, invested him with no rights in addition to his mere expectancy as a revocable beneficiary. He was divested of possession of the policy by the decree of divorce.

The insured upon obtaining possession of the policy was then in a position to and did exercise his option to obtain its cash surrender value. Upon the exercise of this option by insured, the contract of insurance was cancelled and there was created the relationship of debtor and creditor between the insurer and the insured, for the amount of the cash surrender value of the policy.

That the check of the company was made payable to both the plaintiff and the insured is of no importance, nor is it material that the check was endorsed only by the insured. The inclusion of plaintiff's name as one of the payees of the check conferred no right upon him, and by its waiver of his endorsement the company incurred no liability to plaintiff.

For the reasons hereinabove set forth the judgment of the Court of Common Pleas is reversed and final judgment is rendered for the defendant appellant herein. Exceptions noted.

DOYLE, PJ, HURD, J, concur.