Michigan Mut. Life Ins. Co. v. Mayfield's Adm'r.

Case 105. — ACTION BY WILLIAM M A Y F I E L D ' S A D M ' R AGAINST THE MICHIGAN MUTUAL LIFE INS. CO. TO RECOVER ON A POLICY OF INSURANCE.—January 26.

## Michigan Mut. Life Ins. Co. v. Mayfield's Adm'r.

Appeal from Hardin Circuit Court.

WEED S. CHELF Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

Life Insurance—Default in Premiums—Paid-up Insurance—Extended Insurance—Election—Failure to Make—Effect—M. held a life policy which provided "that if payments are not made as provided herein * * * the policy shall cease and determine, except only, that after premiums shall have been paid for three or more full years, if default be made in the payment of any premium thereafter * * * it will be valid as to paid-up non-participating policy for a fractional part of the sum insured as shown in the table of paid-up insurance." And further provided: "After payment of three full annual premiums, if default be made in the payment of any premium thereafter, the insured may, by giving written notice to the company within thirty days after such default, elect, in lieu of the paid-up insurance provided for in this policy, to have the full amount insured carried as non-participating term insurance without further payment of premiums for the

time specified in the table of extended insurance, provided there is no indebtedness to the company on account of this policy." Insured defaulted after having paid three full years premiums and died without making the election referred to. Held—That as the paid-up insurance clause automatically went into force upon the default in the payment of the premium, the insured could not substitute the extended insurance in lieu thereof without making the election to do so, and as the insured did not make the election his personal representative can not do so. In this case the insured was entitled to paid-up insurance for a specified sum without further act on his part other than default in the payment of the premium.

HENRY BURNETT for appellant.

O'MEARA & JAMES of counsel.

POINTS AND AUTHORITIES.

1. A provision in a policy that upon default in paying a premium after three or more full premiums have been paid, the insured shall be entitled to two options:

(a.) To automatic paid-up insurance, or—

(b.) To extended insurance if demanded within thirty days after default; is construed to mean that the insured is not entiled to both options concurrently, and that the option for automatic paid-up insurance must obtain unless he demands the extended insurance within the time specified in the policy. (New York Life Insurance Co., v. Meinken's Adm'r, 80 S. W., 175; Equitable Life Assurance Society of the U. S. v. Warren Deposit Bank, &c., 76 S. W., 391; Drury's Adm'r v. New York Life Insurance Co., 74 S. W., 363, 115 Ky., 681; Crutchfield, &c. v. Union Central Life Insurance Co., 67 S. W., 67.)

2. Under the terms of the policy, as soon as default in the payment of premium was made by the insured, his right to paid-up insurance accrued automatically, and this right was not affected by the fact that within the thirty days allowed for demanding extended insurance, the insurance suddenly died.

To be entitle to extended insurance the insured must have made an affirmative demand therefor.

S. M. PAYTON for appellee.

1. Insurance companies are entitled to the benefit of their contracts, but they are to be strictly construed against them because their contracts are prepared with the utmost care, skill and deliberation, and are usually accepted without careful examination. (Nat. Bank v. Ins. Co., 95 U. S., 673; 20 Fed. Rep., 722.)

2. Time is not of the essence of the contract in insurance policies. (Montgomery Case, 14 Bush, 51; Jarboe, 102 Ky., 80; So. Mut. v. Montogue, 5 Ky. Law Rep., 515.)

3. Where an insurance policy admits, without violence, of two interpretations that one should be adopted which will cover the loss in preference to that which will defeat the claim. (Mut. Benefit Life v. Dunn, 106 Ky., 591; Sun Life Ins. Co. v. Taylor, 108 Ky., 408.)

4. After default in payment of a premium and time is given in which to extend the insurance by surrendering the old policy and taking up a paid-up policy and death ensues before the expiration of the time limit to take out the new policy, the old one remains in force and suit may be maintained on the old policy and recovery had thereon for the amount of the paid-up insurance without surrendering the old policy. (Page 306, vol. 11, Am. & Eng. Ency. of Law, 1st Ed.; 62 N. Y., 612; 67 Me., 438, and Hexter v. U. S., Life, 11 Ky. Law Rep., 903, 14 Bush, 51; 102 Ky., 80 Jarboe Case.)

OPINION BY JUDGE PAYNTER—Reversing .

On June 1, 1900, the appellant, Michigan, Mutual Life Insurance Company, issued and delivered to William Mayfield a policy for $500 on his life, which sum was to be paid at his death if the policy was then in full force. The insured paid the premiums on the policy until July 1, 1905. On the 17th of that month he died. This is an action to recover the full amount of the policy. The payment is resisted upon the ground that the policy was not in force at the time of the death of the insured. He had paid three years and more of premiums before his death, but he did not make the payment of the premium which matured July 1, 1905. To ascertain the liability of the company, the court is called upon to construe clauses 6 and 8 of the policy, which appear under the heading of "Benefits and Provisions," which read as follows:

"Paid-Up Insurance. If the payments are not made as provided herein, then in every such case the com-

pany shall not be liable for the payment of the insured sum, and this policy shall cease and determine, except, only that after premiums shall have been paid for three or more full years, if default be made in the payment of any premium thereafter, and there be no indebtedness on account of this policy, it will be valid as a paid-up non-participating policy for a fractional part of the sum insured as shown in the table of paid-up insurance below. The amount so specified will be payable to the beneficiary or beneficiaries, upon the receipt by the company of satisfactory proof of the death of the insured and the surrender of this policy. Only the number of full-year premiums paid will be considered in the allowance of paid-up insurance. Any indebtedness on account of this policy will reduce the paid-up insurance provided for by the amount of said paid-up insurance that such indebtedness will purchase under the legal assumption as to interest and mortality.''

''Extended Insurance. After the payment of three full annual premiums, if default be made in the payment of any premium thereafter, the insured may, by giving written notice to the company within thirty days after such default, elect, in lieu of the paid-up insurance provided for in this policy, to have the full amount insured carried as non-participating term insurance without further payment of premiums, for the time specified in the table of extended insurance below, provided there is no indebtedness to the company on account of this policy. This non-participating term insurance shall be subject to the condition of this policy, except as to the payment of premiums, and if death should occur within three years after the non-payment of premiums, and during the continuance of the non-participating term insur-

ance, there shall be deducted from the amount payable the sum of all premiums, with interest, that would have become due on this policy if it had been continued in force as originally intended.''

The theory upon which the appellee sought to recover upon this policy is that it was in full force at the time of the intestate's death, it being claimed that he had thirty days after he failed to pay the premium in which to elect whether he would take ''paid-up insurance'' or take ''extended insurance.'' The appellant questions the correctness of this position, and claims that by the terms of the policy the paid-up insurance feature was automatic, and that upon failure to pay the premium the insured was entitled to paid-up insurance.   It is conceded by appellant that after the paid-up insurance took effect the insured had the privilege of substituting extended insurance therefor by giving notice within thirty days after the default in the payment of the premium that he desired to exercise his privilege.   The solution of the question depends upon the terms of the policy. The parties were capable of contracting.   It is the business of the court to ascertain and enforce the contract.   It is expressly provided in clause 6 that the company is not liable for the payment of the insured sum; that the policy shall cease and determine after the premiums have been paid for three years, if default be made in the payment of any premium thereafter.   It is then provided that the policy is valid as a non-participating policy for a fractional part of the sum insured, this sum to be paid on the death of the insured.   This provision is automatic in character. When the insured failed to pay the premium, the liability of the company was for that fractional part of the sum insured, as shown by the table

of paid-up insurance printed on the policy. It is not necessary that the insured should do anything as a prerequisite to the right to paid-up insurance. By the eighth clause of the policy the insured has the right to give written notice to the company within thirty days after the default in the payment of the premium, and in lieu of the paid-up insurance provided for in the policy to have the full amount insured carried as non-participating term insurance, without further payment of premiums for the time specified in the table relating to extended insurance. The right under this clause of the policy is optional with the insured. He can substitute extended insurance in lieu of paid-up insurance, if he desires. However, after the default in the payment of the premium, until he exercises this option, his rights are determined by the clause of the policy which provides for paid-up insurance.

It is insisted, however, as the insured has thirty days in which to apply for extended insurance, that the policy for the full amount remains in force until the expiration of thirty days. This contention is in the face of the plain terms of the policy. To take this view of it, we would have to hold that the policy remains in force for thirty days after default in the payment of premiums, although it is expressly provided that the company is not liable for the payment of the insured sum after default in the payment of the premiums, but only for a paid-up policy for a fractional part of the sum insured. The policy for the full amount did not remain in force after default in the payment of the premium. If we so held, we would say that the clauses intended to fix the rights of the parties upon the default of the payment of the premium did not become operative until thirty days

thereafter, and that the appellant carried the risk for thirty days without compensation. Either the clause providing for paid-up insurance or the one for extended insurance became operative and in force upon the default of the payment of the premium, as both of the clauses could not be in force at the same time. As the paid-up insurance clause automatically went into force upon the default in the payment of the premium, the insured could not substitute the extended insurance in lieu thereof without making the election to which reference has been made. As the insured did not make the election, his personal representative can not do so.

The provisions of the policy fixing the rights of the parties upon the default of the payment of the premiums differ widely from the provisions in the policies which this court has been called upon to construe in cases cited both by counsel for the appellant and appellee. In most of these cases the insured was not entitled to paid-up insurance, unless he had, before the expiration of a certain period, surrendered his policy and demanded paid-up insurance. In the case at bar, as we have stated, the insured was entitled to paid-up insurance for a specified sum without any further act upon his part, other than default of the payment of the premium.

We do not deem it necessarw to review the cases cited by counsel, except the case of Drury's Administrator v. New York Life Insurance Company, 115 Ky., 681, 25 Ky. Law Rep., 68, 74 S. W., 663, 61 L. R. A., 714, 103 Am. St. Rep., 351, as counsel for appellant claims that case is decisive of the question here involved. In the Drury Case the policy provided that the insured was entitled to paid-up insurance upon the surrender of the policy within six months after

non-payment of a premium. The paid-up insurance feature in that policy was not automatic.

The judgment is reversed for proceedings consistent with this opinion.