JULIA L. BARTHOLOMEW, Respondent, *v.* SECURITY MUTUAL LIFE INSURANCE COMPANY, Appellant.

*Bartholomew* v. *Security Mutual Life Ins. Co.*, 140 App. Div. 88, affirmed.

(Argued January 18, 1912; decided February 20, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered October 3, 1910, in favor of plaintiff, upon the submission of a controversy, under section 1279 of the Code of Civil Procedure, as to whether a policy of life insurance was in force at the death of the insured.

*Israel T. Deyo* for appellant.

*John G. Pembleton* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CULLEN, Ch. J., HAIGHT, VANN and WERNER, JJ.

COLLIN, J. (dissenting). The plaintiff has been awarded a judgment upon a policy of insurance issued February 19, 1900, by the defendant, a domestic life insurance corporation, upon the life of her husband, James H. Bartholomew and designating her as the beneficiary. The defendant by the policy agreed, upon recited terms and conditions, to pay $1,000.00 to the plaintiff, if living, otherwise to his representatives, upon the receipt of proof of the death of James H. Bartholomew. A condition was that to continue the policy in force an annual premium of $24.70 should be paid on or before February 19 in every year and a provision was that the insured might change the beneficiary, subject to the approval, in writing, by the president or secretary of the defendant. The signed application of the insured for and which was a part of the policy contained his agreement that the policy should become void upon his failure to pay at maturity any premium. The premiums falling due on the 19th day of February, 1901 and 1902, were duly paid and receipts therefor given the insured. The premium which fell due February 19, 1903, was not paid. The defendant duly gave the insured the notice enabling it, under section 92 of the Insurance Law, to declare the policy lapsed because of such default. On said date, however, upon the application of the defendant, an extension of ninety days for the payment of the premium was granted in this form: The insured delivered to defendant his promissory note, dated that day, for $24.70 payable ninety days after date with interest, and expressly agreeing that if it was not paid on or before its maturity the policy "shall at once cease and determine, and thereupon be null and void," and the defendant delivered to the insured

a writing reciting the note, extending until May 19, 1903, the time for the payment of the premium, and providing: "If said note is not paid on or before the date above named, the said Policy shall at once become ipso facto, null and void." The insured died November 17, 1903, with the note wholly unpaid and without any transaction or communication between himself and the defendant subsequent to its date. On November 17, 1903, the plaintiff notified the defendant by telephone of the death of the insured and on November 18, 1903, gave it notice in writing of his death, to which the defendant on the following day replied: "Answering yours of yesterday would say that Mr. Bartholomew's policy lapsed by reason of non-payment of the premium last spring." On or about October 25, 1904, the plaintiff asked the defendant to furnish her the blank forms upon which it required proofs of death to be made and offered to furnish proof of the death of the insured satisfactory to it, which request it refused with the statement that the policy had lapsed prior to the death of the insured and it declined to recognize any liability upon it.

The recovery of the plaintiff was had and is here sought to be held upon certain of the provisions of section 88 of the Insurance Law, which are: "Whenever any policy of life insurance issued after January first, eighteen hundred and eighty, and before January first, nineteen hundred and seven, by any domestic life insurance corporation after being in force three full years, shall, by its terms, lapse or become forfeited for the non-payment of any premium or any note given for a premium or loan made in cash on such policy as security, or of any interest on such note or loan, the reserve on such policy computed according to the American experience table of mortality at the rate of four and one-half per centum per annum shall, on demand made, with surrender of the policy within six months after such lapse or forfeiture, be taken as a single premium of life insurance at the published rates of the corporation at the time the policy was issued, and shall be applied, as shall have been agreed

in the application or policy, either to continue the insurance of the policy in force at its full amount so long as such single premium will purchase temporary insurance for that amount, at the age of the insured at the time of lapse or forfeiture, or to purchase upon the same life at the same age paid-up insurance payable at the same time and under the same conditions, except as to payments of premiums, as the original policy. If no such agreement be expressed in the application or policy, such single premium may be applied in either of the modes above specified at the option of the owner of the policy, notice of such option to be contained in the demand hereinbefore required to be made to prevent the forfeiture of the policy." (Cons. Laws, ch. 28.) The other provisions of the section are not material to the questions this case presents. Neither the application nor the policy expressed the agreement set forth in those provisions. The reserve on the policy was sufficient, if taken as a single premium, to continue the insurance of the policy at its full amount to a time beyond the death of the insured. The proper inquiry is, did the provisions of the section effect such continuance.

Those provisions are expressed in intelligible and unambiguous language and have the meaning and intention which ordinary intelligence and reflection give them. They directly express the legislative intention and repel conclusions or sense beyond those imparted by them to an unaffected understanding. Their significance and effect are in no wise affected by their relation to contracts in insurance. Neither the legislature nor usage has ordained, and the courts should not deem, that such relation gives them a special or unnatural meaning. (*Holly* v. *Metr. Life Ins. Co.*, 105 N. Y. 437, 444.)

Manifestly, under the agreements of the defendant and the insured (leaving out of view for the moment the statutory provisions), the policy lapsed because of the non-payment of the note of February 19, 1903, and maturing May 19, 1903. The defendant had duly given the enabling notice under section 92 of the Insurance Law and there was no requirement that it give any notice

in respect to the maturity of the note. (*Conway* v. *Phœnix Mut. Life Ins. Co.*, 140 N. Y. 79.) The forfeiture of the policy was, however, not absolute, but qualified, because those provisions of section 88 applied to it. It was of the class subject to those provisions and there was on it the reserve already stated. But the conditions under which and the manner in which the reserve might have activity and effect in continuing the insurance are clearly prescribed in the statute. That reserve "shall, on demand made, with surrender of the policy within six months after such lapse or forfeiture be taken as a single premium," and shall be applied, at the option of the owner of the policy to be expressed in the said demand "required to be made to prevent the forfeiture of the policy," either to continue the insurance of the policy in force at its full amount through the period it pays for or to the paid-up insurance. The insured while living was the owner of the policy, the interest of the beneficiary being contingent and inchoate. Upon his death the interest of the beneficiary became vested and she became the owner of the policy. The insured might have made the demand and notified the defendant of and exercised his option at any time during his life subsequent to May 19, 1903, and after his death and until the expiration of the six months from May 19, 1903, the beneficiary might by identical action have prevented the forfeiture of the insurance and received the protection of the statute which is the sole interference with the action and results of the agreements of the parties. The death of the insured within the six months in no way destroyed or modified the statutory requirement, compliance with which is a condition precedent to the continuance of the insurance, or substituted another for it, and its effect is not changed by the likelihood or certainty that the beneficiary would, after the death of the insured, choose the continued insurance of the policy rather than paid-up insurance. The statute, it was, which gave to the insured or the plaintiff the insurance after the lapse of the policy, and that it gave only through and upon a compliance

with its provisions. (*Knapp* v. *Homeopathic Mut. Life Ins. Co.*, 117 U. S. 411.) The six months' limitation of time is a material provision of the statute and, therefore, must be complied with. The certitude as to the financial condition and liabilities, at any time, of life insurance corporations, which is important if not essential to their safety and perpetuity, could not exist if, through periods varied and uncertain in duration, lapsed policies could be enforced by their owners. Statutes conferring privileges or rights upon private individuals for a designated period of time or upon specified conditions are generally intended and should be held to be mandatory. It is the province of the courts to enforce the legitimate legislative intent as expressed in the statutes.

It is urged that the judgment of the court below was warranted by a waiver or estoppel *in pais* or equitable estoppel on the part of the defendant. A party may waive a statutory or even a constitutional provision in his favor, affecting simply his property or alienable rights, and not involving considerations of public policy. (*Phyfe* v. *Eimer*, 45 N. Y. 102; *Embury* v. *Conner*, 3 N. Y. 511.) The provision as to the demand and surrender of the policy is for the benefit of the insurer.

The principles defining the terms waiver and estoppel *in pais* have been clearly enunciated in recent decisions of this court (*Draper* v. *Oswego Co. Fire Relief Assn.*, 190 N. Y. 12; *Clark* v. *West*, 193 N. Y. 349; *Kiernan* v. *Dutchess Co. Mut. Ins. Co.*, 150 N. Y. 190; see, also, *Libby* v. *Haley*, 91 Me. 331), and a restatement of them here would not be useful. The doctrine of either term can be invoked only when the facts make it applicable. Under the facts submitted to us, it is obvious that the only fact upon which such a doctrine may have support is that the defendant in its letter of November 19, 1903, in response to that of the plaintiff informing it of the death of the insured, the number of the policy and his residence, said: "Answering yours of yesterday would say that Mr. Bartholomew's policy lapsed by reason of nonpayment of the premium last spring." Its declara-

tion on October 25, 1904, in response to the request of the plaintiff for blank proofs of death, that the policy had lapsed prior to the death of the insured and no liability under it was or would be recognized by it is not a basis for a waiver. The statute then was as inoperative as though non-existent and a demand of the plaintiff under it would have been ineffectual for any purpose. There cannot be a waiver of a non-existing right. The right existing November 19, 1903, in favor of the defendant was that the plaintiff as the owner of the policy make the statutory demand and surrender of the policy as a condition precedent to prevent the absolute and final forfeiture of the insurance and to continue it from May 19, 1903, through the period covered by the reserve designated in the statute. The language of the letter did not expressly waive the making of the demand and surrender of the policy. It did not waive a forfeiture consequent upon a failure to make such demand and surrender, for either of two reasons; it was not apt and suitable for that purpose; a forfeiture had not occurred inasmuch as the time within which they might have been made had not expired. It was not fitted to and could not reasonably have misled the plaintiff into neglecting or failing to make the demand and surrender within the six months. The policy was lapsed as it truthfully stated. It did not express or indicate an intention on the part of the defendant to admit that the statute was not applicable or that the defendant would omit or refuse to act in conformity therewith or would relinquish its right to have the plaintiff, acting thereunder, comply therewith. It did not authorize her to acquire the belief that the insurance was continued and existent without act upon her part or compliance with the condition precedent. Rather was it a notice to her that she must turn to and invoke the statute. The law imputes knowledge of the statute to her and would not hear her say that she did not have knowledge or had forgotten. The defendant was not obligated, in any extent, to call her attention to it and there was no waiver in its silence or

inaction. (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Gibson El. Co.* v. *Liverpool & L. & G. Ins. Co.*, 159 N. Y. 418.) It is a rule of law that a waiver exists only where there is a fair, unequivocal and decisive act of the party subject to it showing such a purpose.

For the reasons already stated and the additional one that the facts submitted to us do not show that the plaintiff in failing to act under the statute relied or acted upon the letter of the defendant, the doctrine of estoppel is inapplicable.

The judgment appealed from should be reversed and judgment ordered for the defendant adjudging that the case and the written submission of the facts upon which the controversy depends be dismissed, without costs to either party.

GRAY and HISCOCK, JJ., concur with COLLIN, J.