# McDonald, Executrix, Appellant, *v.* Columbian National Life Insurance Company.

*Insurance—Life insurance—Policies — Lapse — Beneficiaries — Rights.*

1. Except as otherwise provided, the nonpayment when due of the premium on a life insurance policy causes a forfeiture thereof.

2. An option to purchase extended term insurance with the cash

surrender value of an insurance policy, upon the failure of the insured to pay a premium when due, is personal to the insured, and cannot be exercised after the rights and liabilities of the parties have been fixed by his death.

3. Where a policy of life insurance provided that after thirty days' default in payment of a premium the policy should lapse, and under the statute of Massachusetts, where the policy was issued, a lapsed policy automatically became a paid-up life policy and the insured allowed the policy to lapse and while negotiations for its reinstatement were pending the insured died, the beneficiary was not entitled to recover the face value of the policy but only the paid-up value; it was not material that the insured might have exercised an option to purchase extended life insurance for a term of years where the option was not in fact exercised by him.

Argued Jan. 13, 1916. Appeal, No. 317, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1911, No. 4309, for defendant, in case of Elizabeth R. McDonald, Executrix of the Estate of William W. Ruley, Deceased, v. Columbian National Life Insurance Company. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a life insurance policy. Before AUDENRIED, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned,* among others, were instructions to the jury and in directing a verdict for defendant.

*Randolph Sailer,* with him *G. Herbert Jenkins,* for appellant.—The surrender value of a life insurance policy which is nonforfeitable by its terms is a vested right in the insured, the benefit of which his personal representative may obtain after his death: Chase v. Phœnix Mut. Life Ins. Co., 67 Maine 85; Ferguson v. Union Mutual Life Insurance Co., 187 Mass. 8 (72 N. E. Repr. 358); Wheeler v. Conn. Mut. Life Ins. Co., 82 N.

Y. 543; Winchell v. John Hancock Mut. Life Ins. Co., 30 Fed. Cases 285; Nielson v. Provident Saving Life Assurance Society of N. Y., 73 Pac. Repr. 168.

The surrender options given by the policies were vested rights in the insured, fully paid for, and whensoever exercised, effective as of the end of the fourth policy year: Francis v. Prudential Insurance Co., 243 Pa. 380; Drury's Administratrix v. N. Y. Life Ins. Co., 74 S. W. Repr. 663.

In the absence of any contract requirement to the contrary, the insured had an unrestricted right to exercise his option, and his death before the exercise of such option would pass such right to his personal representative: Kernochan v. Murray, 111 N. Y. 306 (18 N. E. Repr. 868); Stillman v. Northrup, et al., 109 N. Y. 473 (17 N. E. Repr. 379); Adams Radiator & Boiler Works, Ltd., v. Schnader, 155 Pa. 394; Winchell v. John Hancock Mut. Life Insurance Co., 30 Fed. Cases 285.

The election of the insured's executrix to take the extended insurance option was exercised in a proper time and manner, in pursuance of a vested right of the insured derived from the policy, and she is entitled to recover.

*Ira Jewell Williams,* with him *Marshall S. Winpenny* and *Frederick H. Nash,* for appellee.—The executrix of the insured had no right of action by reason of her alleged exercise of the option for extended insurance; the provisions of the Massachusetts law automatically gave paid-up insurance, where the option was not exercised.

The options given by the policy were to the insured alone: Clarke's App., 79 Pa. 376; Crozier's App., 90 Pa. 384; Jackson's App., 126 Pa. 105; Anderson's Est., 185 Pa. 174.

Opinion by Mr. Justice Walling, April 17, 1916:

The defendant is a Massachusetts Life Insurance Company, in which William W. Ruley, plaintiff's testator,

took a $10,000.00 life policy, dated January 27, 1906. The Massachusetts statute provides inter alia:

"No policy of life or endowment insurance......shall become forfeited or void for nonpayment of premium after three full annual payments have been made thereon; but in case of default in the payment of any subsequent premium, then without any further.stipulation or act such policy shall be binding upon the company for the amount of paid-up insurance which the then net value of the policy......will purchase as a net single premium ......and such default shall not change or affect the conditions or terms of the policy, except as regards the payment of premiums and the amount payable thereon. ......But any company may contract with its policyholders to furnish, in lieu of the paid-up. insurance provided for in this section, any other form of life insurance lawful in this Commonwealth of not less value."

(See Section 76 of the Revised Laws of Mass. of 1902, page 1156, Chapter 118.)

The policy stipulates that:

"Failure to pay any premium when due will void this policy and forfeit all .premiums to the company, except as herein provided."

And, after payment of premiums for three years if there is no indebtedness against the policy, gives the insured options in substance, viz:

"1st. To change this policy for a paid-up policy.

"2d. To take the full cash value.

"3d. To use the cash value in reduction of premiums on a new policy.

"4th. To use the cash value to purchase paid-up insurance.

"5th. To use the cash value to purchase extended insurance.

"6th. The cash value may be used to purchase an annuity for life or for a limited term."

Except as above stated the policy makes no mention as to when such options must be exercised.

In each of the years, 1907, 1908 and 1909, the insured, although he had thirty days of grace, permitted said policy to lapse for nonpayment of premium; but it was as often reinstated on compliance by him with the regulations of the defendant.

In 1910, the insured again suffered a lapse of said policy for a like reason; and shortly thereafter, to wit, on March 3, 1910, made effort to have said policy again re-instated by forwarding to the company a health certificate and also his check and notes for unpaid premium. The case was examined and considered by the defendant, but the policy was not re-instated. And, on March 16, 1910, the company wrote Mr. Ruley, the insured, that, owing to nonpayment of premium due January 27, 1910, his policy was on a paid-up basis. Such letter was accompanied by a printed slip to that effect, for attachment to his policy. And later, on March 24, 1910, the defendant's agent returned said check and notes to the assured in a letter stating that the reinstatement of his policy had been indefinitely postponed. Mr. Ruley employed an attorney in an effort to secure such re-instatement, but, before any legal action was had, died on April 5, 1910, without having exercised any of such options.

At the time of the lapse of said policy in 1910, it had a paid-up insurance value of $760.00, a cash value of $300.00, which latter would have purchased extended insurance for the full face of the policy, to wit, $10,-000.00, for the term of four years and two-hundred and thirty-eight days. For which amount plaintiff made demand in the proofs of loss and later brought this suit. Defendant admitting its liability for the $760.00, paid same to plaintiff, and the suit proceeded for the balance of the $10,000.00. The trial judge, for reasons cogently stated, directed a verdict for the defendant, on which judgment was entered.

The policy by its terms lapsed after thirty days' default in payment of premium, and, under the Massachusetts

statute, automatically became a paid-up life policy for $760.00. This was by operation of law and not from affirmative action of either party. The insured sought in vain to have it re-instated, but never requested that its cash value be used to purchase extended insurance.

By the policy such options are given to the insured, and in our opinion must be exercised by him; especially that with reference to the purchase of extended insurance on his life. It is no more possible to procure valid life insurance on a dead man than valid fire insurance on a burned building. And, as in this case such extended insurance was neither sought for nor obtained during the life of the insured, it cannot be secured later. The option was personal to him and cannot be exercised after the rights and liabilities of the parties have been fixed by his death. Unless the insured elects to take extended insurance the right thereto is lost: Michigan Mutual Life Ins. Co. v. Mayfield, Admr., 96 S. W. Repr. 607, (Ky. Court of Appeals) ; Balthaser v. Illinois Life Ins. Co., 110 S. W. Repr. 258 (Ky. Court of Appeals) ; See also Sugg v. Equitable Life Assur. Soc., 94 S. W. Repr. 936 (Tenn.), and Blake v. National Life Ins. Co., 123 Cal. 470, S. C. 56 Pac. Repr. 101.

Except as otherwise provided, the nonpayment when due of the premium on a life insurance policy causes a forfeiture thereof: Lantz v. Vermont Life Insurance Co., 139 Pa. 546; Rhodes v. Royal Mut. Life Insurance Co., 56 Pa. Superior Ct. 233. However, its provisions when doubtful will be construed favorably to the assured. It is not necessary to decide whether said options could have been exercised by the insured after default, for in any event we are satisfied they could not after his death.

The assignments of error are overruled and the judgment is affirmed.