140 So. 389

### BRASWELL v. FLEMING.

### 4 Div. 626.

Supreme Court of Alabama.

March 17, 1932.

P. B. Traweek, of Elba, for appellant.

Wilkerson & Brannen, of Troy, for appellee.

FOSTER, J.

The first assignment of error is based upon the judgment of the court in overruling the demurrer to the complaint. The claim in this respect, first, is that the complaint does not sufficiently show such ownership of the note as to authorize suit by plaintiff because it does not allege an indorsement. But this is not necessary, when the promise is to pay money, except when the instrument is commercial paper and payable to order. Section 5699, Code; Clayton v. Bank of E. Chattanooga, 204 Ala. 64, 85 So. 271; Sample v. T. V. Bank, 200 Ala. 578, 76 So. 936.

The complaint does not show that the note sued on was payable to order requiring an indorsement to justify suit by the beneficial owner. German-American Nat. Bank v. Lewis, 9 Ala. App. 352, 358, 63 So. 741.

Interest is incident to the nonpayment of a debt after maturity, section 8564, Code, by operation of the statute and without regard to the contract to pay interest. But by contract it can be stipulated that it shall extend to a period beginning earlier than maturity. So. Inv. Co. v. Galloway, 206 Ala. 445, 90 So. 300; Campbell Printing Co. v. Jones, 79 Ala. 475. The claim in the complaint for interest is sufficient for the recovery of such interest as may be shown to be due by law or the contract.

Other objections to the complaint were not well taken, and we think need no discussion.

The court gave plaintiff the affirmative charge. It thereby held that plea 3, as well as the others, had no support in the evidence. Perhaps that is true as to the other pleas. We cannot agree with the trial court and appellee that plea 3 has no such support. There is no question raised as to its sufficiency nor of the right of plaintiff as the holder of commercial paper in due course. It is simply a question of whether there was any evidence in the case from which the jury could find that plea 3 was substantially proven. On this subject appellant testified as follows:

"The conditions under which the said note was made were, that the physicians of said county, or a number of them, held a meeting at Enterprise to discuss rebuilding the hospital, or the building of another to take its place, and several of us agreed to subscribe money for that purpose, some of which was paid and some not. That Dr. P. T. Fleming was to have charge of the work of building this hospital, or was one of a committee which was designated to build this hospital. I have forgotten who it was. Dr. Fleming asked me to pay the $500.00 which I had agreed to subscribe and I agreed to give this note and pay it along as the building progressed, and if the building was completed I would complete paying the note.

"When I made this note to Dr. Fleming, it was on the condition and understanding that the hospital was to be built and stock issued to me, to that amount in the corporation, but the building fell through and no stock was issued to me for it. * * *

"I did make payments along until the thing fell down, and I saw there was going to be no building, and I refused further payment because I saw there wasn't going to be any consideration and no stock issued for it."

A careful analysis of this testimony and of plea 3 convinces us that it was sufficient to go to the jury on that issue.

We also note that plea X was an issue in the case. Its sufficiency was not tested. It alleged that said hospital was claiming that plaintiff had let go to waste large amounts of material purchased for its construction, and disputes otherwise existed, leading to an agreement between them. Defendant offered to prove that plea, and that brick and material were left there and wasted. Such evidence was only an inducement to the accord and satisfaction set up in the plea. While the plea alleged that such agreement of accord and satisfaction included the note sued on, the evidence does not sustain that claim. Therefore it would appear that, if there was error in the second and fourth assignments, they were of no injury. In excluding the written agreement, there was no error, for it did not include the note here in suit.

Other assignments do not appear to need treatment.

We think the court erred in giving the affirmative charge for plaintiff.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.