**NORTH CAROLINA MUT. LIFE INS. CO. v. TERRELL.**

**6 Div. 354.**

Supreme Court of Alabama.

Oct. 5, 1933.

Rehearing Denied Nov. 2, 1933.

* * *"

Huey, Welch & Stone, of Bessemer, for appellant.

A. Leo Oberdorfer, of Birmingham, for appellee.

GARDNER, Justice.

The suit is upon a life insurance policy, dated November 14, 1925, payable to plaintiff as the named beneficiary.

The cause was tried on an agreed statement of facts, the salient features of which appear in the report of the case.

The policy had been in force for more than six years when the insured died, on January 3, 1932, but there was default on the premium due November 14, 1931. Under the "nonforfeiture provisions" of the policy insured had the right (three full annual premiums having been paid) within three months after default in payment of any premium to exercise certain options therein provided. But he died within this three-month period without having made any election as to such options, and defendant insists the only sum due under

the policy is $270 paid-up insurance, which sum was duly tendered.

In support of this insistence defendant assumes that at the expiration of the thirty days of grace following the default in payment of the premium due November 14, 1931, the policy by its terms lapsed and all rights thereunder forfeited except as to the paid-up insurance which automatically came into operation and effect, citing, among other authorities, McDonald v. Columbian Nat. L. Ins. Co., 253 Pa. 239, 97 A. 1086, L. R. A. 1916F, 1244; Mich. Mut. Life Ins. Co. v. Mayfield's Adm'r, 121 Ky. 839, 90 S. W. 607; Balthaser v. Ill. Life Ins. Co. (Ky.) 110 S. W. 258; Sugg v. Equitable Life Assur. Society, 116 Tenn. 658, 94 S. W. 936; Blake v. Nat. Life Ins. Co., 123 Cal. 470, 56 P. 101; Provident Life & Accident Ins. Co. v. Hollums, 213 Ala. 300, 104 So. 522; 2 Couch on Ins. § 344; 37 Corpus Juris, 511.

The authorities noted have been carefully examined. They deal with policy provisions widely different from those in the policy here considered. As observed by the court in Veal v. Security Mut. Life Ins. Co., 6 Ga. App. 721, 65 S. E. 714, 719, and applicable here, the "language adopted in their policies by the various insurance companies is so diverse that almost every case stands upon its own peculiar facts and is incapable of any great extension as precedent in other cases."

 We cannot agree, in the first place, that at the expiration of the grace period the provision as to paid-up insurance automatically came into operation. This is not the language of the policy. The insured had the full three months within which to avail himself of one of the three options, cash surrender value, paid-up insurance, or extended insurance. As to the option for paid-up insurance there is a provision that, if no other option is selected, the policy will be continued in force thereunder, but this clearly means a selection within the three-month period, and, therefore, such option will not take effect immediately, but only upon the expiration of the three months, no other selection having been made within that time. Such was the construction placed upon a similar policy provision in Equitable Life Assurance Society v. Golson, 159 Ala. 508, 48 So. 1034, 1035. This case is also authority to the effect that the policy, in the meantime, was not forfeited, the court saying: "The clause means that after default in any premium, after the third one, the insured has six months within which to elect to surrender the policy and get paid-up insurance, * * * or to pay the premium * * * and when he has failed to so elect, notwithstanding the premium is unpaid, the policy does not become forfeited for six months after said premium becomes due." And the holding is further to the effect that a failure to pay the premium does not, of itself,

forfeit the contract unless the policy so provides; that the policy may of course so validly stipulate, which would be a condition subsequent to be strictly construed, and, if there are repugnant conditions, the court will enforce such as are in favor of the insured and will prevent a forfeiture.

There is here no specific language declaring any such forfeiture, and the words upon which defendant largely relies to effectuate a forfeiture are those italicized in the case of Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 So. 298, 302, as follows: "Except as herein provided the payment of a premium or installment thereof shall not maintain the policy in force beyond the date when the next premium or installment thereof is payable." The exception is referable to a clause which has for its subject "Non-Forfeiture Provisions," which contain the options above noted when there have been paid three full annual premiums. The rule is here established that forfeiture of existing policy contracts for failure to pay premiums is not favored in law, and that provisions in such contracts are construed, where at all equivocal, in favor of the insured. Manhattan Life Ins. Co. v. Parker, supra. Giving application to these rules of construction, the court in the Parker Case concluded the quoted language, considered in connection with the whole contract, did not effectuate a forfeiture.

 In the instant case there were certain options given the insured under the "Non-Forfeiture Provisions" of the policy which are reasonably to be construed as within the exception referred to in the above-quoted clause. And applying the rule that, if there are repugnant conditions, the court will enforce such as are in favor of the insured and prevent a forfeiture, we find no forfeiture during the three-month period for the exercise of these options. Such is the effect of the holding in the Golson Case, supra, reinforced by the Parker Case, supra, and upon these authorities we conclude the trial court correctly ruled that plaintiff was due the face of the policy.

We have here no such case as Landis v. Metropolitan Life Ins. Co., 104 Ohio St. 589, 136 N. E. 193, 26 A. L. R. 98, cited by defendant, where the insured died after the expiration of the three months and without having exercised his option. Nor is the policy before us at all similar, in the respects here in question, to that considered in the cited case of Provident Life & Accident Ins. Co. v. Hollums, 213 Ala. 300, 104 So. 522, wherein it was provided that, if any premium was not paid by noon of the day it was due, all rights under the policy shall then and there become void and the policy reinstated only at the option of the company, and as provided therein, and that no claim for loss arising between the time of such forfeiture and reinstatement should be valid.

Further illustrative of the variance between this policy and those in the authorities noted by defendant is the case of Michigan Mut. Life Ins. Co. v. Mayfield's Adm'r, 121 Ky. 839, 90 S. W. 607, wherein it was stipulated that, if the premium payments were not made as provided therein, the company, in every such case, would not be liable for the payment of the insured sum, and the policy would cease, except as to paid-up insurance, as shown in table, if more than three full annual premiums had been paid. And so as to each authority upon which defendant places reliance, the language of the policy is materially different, and further illustration is deemed unnecessary.

As to the present policy we consider the Golson and Parker Cases, supra, as decisive to the effect that during the three-month period the policy remained in force for the full amount.

As to whether or not, the foregoing considerations aside, the option of the insured was a property right which survived and might be exercised by the beneficiary as contended by plaintiff, we need not stop to inquire, as what has been said determines the result without regard to that question, upon which there appears to be some diversity of opinion. 37 Corpus Juris, 510; 2 Couch on Ins. § 344; Veal v. Security Mut. Life Ins. Co., 6 Ga. App. 721, 65 S. E. 714; Knapp v. John Hancock Mut. Life Ins. Co., 214 Mo. App. 151, 259 S. W. 862; McDonald v. Columbian Nat. L. Ins. Co., 253 Pa. 239, 97 A. 1086, L. R. A. 1916F, 1244; Hampe v. Metropolitan Life Ins. Co. (Mo. App.) 21 S.W.(2d) 926; Balthaser v. Ill. Life Ins. Co. (Ky.) 110 S. W. 258. We leave a determination of that question to one side and until the occasion calls for its decision.

While there was effort, though ineffectual, of reinstatement of the policy on the part of insured, yet we do not understand that it is contended this in any manner affected or prejudiced plaintiff's rights as the beneficiary, and needs no further comment.

As to the matter of interest, the policy was payable upon proof of death, which was furnished by plaintiff, and accepted by defendant, and interest may properly be calculated from that time. 37 Corpus Juris, 657; section 8564, Code 1923; Braswell v. Fleming, 224 Ala. 339, 140 So. 389.

There is nothing in section 8365, Code 1923, from which may be drawn a legislative intent to abrogate any promise or agreement on the part of the insurance company to pay the policy upon presentation of proof of death, and the parties are left free to contract to that effect. Landis v. Metropolitan Life Ins. Co., 104 Ohio St. 589, 136 N. E. 193, 26 A. L. R. 98. Interest is an incident of the debt sued on, and the complaint is in Code form. Section 9531, Code 1923, form No. 12. We are, therefore, of the opinion there was no necessity for an express claim in the complaint for the allowance of interest from the time payment was due. 33 Corpus Juris, 257.

As to the deduction from the recovery of the past-due semiannual premium, we think the agreed statement of facts is properly to be interpreted to the effect that this question was not presented to the trial court for decision, and did not therefore become a part of the litigation in the court below, and that the sole question there presented was defendant's liability for the full amount of the policy with interest, or its liability for the lesser sum of $270. We conclude under these circumstances this question should not be here considered for the first time.

We find no error in the judgment rendered, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.