BUMPUS *v.* LIFE & CASUALTY INS. CO. OF TENNESSEE.

*(Nashville.* December Term, 1933.)

Opinion filed March 31, 1934.

M. S. Ross, of Nashville, for appellant.

M. P. ESTES, of Nashville, for appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The question for decision on this appeal is whether the complainant, as beneficiary named in the contract of life insurance in suit, is entitled to enforce the contract as one of paid-up insurance, the value of which is $182.50, or as a contract of extended insurance, the value of which is $833.33. The facts are stipulated by the parties.

Default was made by the insured in the payment of the ninth annual premium, and he died within sixty days of the date of such default. The insured made no election or choice of any one of the nonforfeiture values of the contract, but, after his death, and within ninety days of the default, the beneficiary notified the insurer that she claimed the right to a settlement on the basis of extended insurance, as provided in paragraph 3 of the options stated in the contract.

We quote the material provisions of the contract:

"Non-Forfeiture Provisions. After three full premiums shall have been paid, the Insured may, within ninety days after default in the payment of any premium, surrender this Policy, and

"(1) Receive its cash surrender value, less any indebtedness to the Company hereon. The cash surrender value shall be the reserve on this Policy at the date of default, less a surrender charge, which in no case shall be more than two and one-half per cent of the sum insured, or

"(2) Receive paid-up insurance, as provided below, payable at the same time and on the same conditions as this Policy. If no other option is selected this Policy will be continued in force under this option without any action on the part of the Insured; or

"(3) Receive extended insurance for an amount equal

to the face of this Policy, provided there is no indebtedness to the Company hereon, and for such term in years and days from the date of default as is provided below, but without the right to loans and cash surrender values.''

The statute of Tennessee, Code, section 6179, sub-section 8, to which the contract conforms, contains no language discriminating between paid-up insurance and extended term insurance, but requires only that the contract shall secure to the owner of the policy ''a stipulated form of insurance, the net value of which shall be at least equal to the reserve at the date of default,'' etc.

The contention of the insurer is that upon the death of the insured, within the ninety-day period from the date of default, no contrary choice having been indicated or expressed, its liability to perform the contract as one for paid-up insurance, under the self-executing language of the quoted paragraph 2, became fixed, and no right of election to alter that liability survived to the beneficiary. This contention is sustained by the courts of Kentucky and Pennsylvania. *Michigan Mut. Life Ins. Co.* v. *Mayfield's Adm'r,* 121 Ky., 839, 90 S. W., 607; *Balthaser* v. *Illinois Life Ins. Co.,* 110 S. W., 258, 33 Ky. Law Rep., 283; *McDonald* v. *Columbian Nat. Life Ins. Co.,* 253 Pa., 239, 97 Atl., 1086, L. R. A., 1916F, 1244.

For the beneficiary it is contended that the right of election was a property right in the insured, and upon his death within the stipulated period, without having exercised such right, it passed to the beneficiary as the then owner of the contract or policy. Cases cited as supporting this contention are: *Bartholomew* v. *Security Mut. Life Ins. Co.,* 140 App. Div., 88, 124 N. Y. Supp., 917, affirmed 204 N. Y., 649, 97 N. E., 869; *New York Life*

*Ins. Co.* v. *Noble,* 34 Okla., 103, 124 Pac., 612, 45 L. R. A. (N. S.), 391; *Knapp* v. *John Hancock Mut. Life Ins. Co.,* 214 Mo. App., 151, 259 S. W., 862; *Nielsen* v. *Provident Savings Life Assurance Society,* 139 Cal., 332, 73 Pac., 168, 169, 96 Am. St. Rep., 146, affirming 6 Cal. Unrep., 804, 66 Pac., 663; *Wheeler* v. *Connecticut Mut. Life Ins. Co.,* 82 N. Y., 543, 37 Am. Rep., 594; *State Mut. Life Ins. Co.* v. *Forrest,* 19 Ga. App., 296, 91 S. E., 428; *McEachern* v. *New York Life Ins. Co.,* 15 Ga. App., 222, 82 S. E., 820; *Veal* v. *Security Mut. Life Ins. Co.,* 6 Ga. App., 721, 65 S. E., 714, 717.

As applied to the contract in this case, there is no necessary or absolute conflict in the two groups of cases cited, with one exception. In each of the cases of the first group, from Kentucky and Pennsylvania, the contract stipulated, or a controlling statute directed, that, if no election were made, the provision for paid-up insurance would be automatically effective, and because of that it was ruled that the beneficiary, after the contract had matured by the death of the insured, could not claim extended insurance. The contract here involved contains such a stipulation for automatic paid-up insurance.

The cases cited in the second group, with the exception of the Missouri case (*Knapp* v. *John Hancock, etc., Co.*), deal with contracts containing no stipulation for automatic paid-up insurance. In those cases, no election having been made by the insured, the courts were confronted with the alternative of permitting the insurer to choose for itself under which plan it would settle, after the death of the insured, or of holding that the beneficiary might exercise the choice which, by the terms of the contract, belonged to the insured. They rightly

sustained the right of the beneficiary under such contract. But these cases do not seem to us to control the decision here, on principle. It is one thing to deny an insurer the right to make an *ex post facto* choice between alternative plans of settlement, under circumstances not expressly covered by its contract, and quite another thing to rule that, if the insured dies without making a choice, effect must be given to the stipulation of the contract that in such event a designated plan of settlement shall be followed.

Counsel for the beneficiary point to *Nielsen* v. *Provident Savings Life Assurance Society, supra,* as being on "all fours" with the case before us. The contrary is true. The contract enforced in that case stipulated that upon default the cash value "will be applied to extend this insurance, or, if application be made therefor while this policy is in full force and effect, to purchase paid-up insurance." This is the exact reverse of the stipulation in the contract here involved, and, as pointed out in the brief concurring opinion of the Chief Justice of the California court, the right of the beneficiary to the extended insurance was apparent under the self-executing clause quoted.

In *Veal* v. *Security Mut. Life Ins. Co.,* cited above as supporting the contention of the beneficiary, the insurer's position was that, since the insured had not exercised his right of election before his death, "all rights under the policy were forever ended." Responding to that contention, the Georgia Court of Appeals observed that the right claimed by the beneficiary was not to exercise a choice between one or more forms of insurance, but was a claim for a fixed and unconditional sum of money. The court said: "A fixed unconditional right

to demand a greater rather than a lesser sum of money in settlement of the same claim is not in the eyes of the law a case of choice or election." And to the same effect, in *Bartholomew* v. *Security, etc., Ins. Co.*, 140 App. Div., 88, 124 N. Y. Supp., 917, 919, the court said: "The situation left no occasion for the exercise of judgment as between extended insurance for the full amount or a paid-up policy for a part of the amount. Death has fixed the rights of the parties," etc. In these cases, as in the others of like import, the right to demand the larger sum was sustained because the contract had given the insured free choice between the two forms of insurance, and contained no stipulation as to the rights of the beneficiary if the insured failed to exercise his right of choice. The argument of these cases seems wholly inapplicable to a contract which does contain such stipulation.

*Clappenback* v. *New York Life Ins. Co.*, 136 Wis., 626, 118 N. W., 245, is cited on the brief for the beneficiary. In that case the court construed a contract which expressly provided for automatic extended insurance, if no request for a paid-up policy should be made within six months of default in premium. The contract provision is the reverse of that here involved, as in *Nielsen* v. *Provident Savings Life Assurance Society, supra,* and the facts are not similar. The case is not in point.

Construing a contract similar to the one before us, the Court of Appeals of Kentucky, in *Michigan Mut. Life Ins. Co.* v. *Mayfield, supra,* held that, after default in premium payment, the rights of the insured, until he exercises the options conferred by the contract, are determined by the provisions for paid-up insurance, and that this self-executing provision for paid-up insurance,

taking effect at the date of default, excludes the conception that the full amount of the insurance was continued in force during the period granted for the exercise of the option. We are cited to, and have been able to find, no case ruling the contrary, except that of *Knapp* v. *John Hancock Mut. Life Ins. Co.*, 214 Mo. App., 151, 259 S. W., 862. In that case the Kentucky decision, construing the contract before it, is dismissed as "highly technical," without discussion, and the cases construing dissimilar contracts followed as authority. What we have said indicates our inability to so treat the question at issue.

The contract before us provides: "If no other option is selected this policy will be continued in force under this option (as paid-up insurance) without any action on the part of the insured." The meaning, we think, is obviously that the policy is to be continued from the date of default in premium payment, as paid-up insurance, without action on the part of the insured. The contract in effect at the date of the death of the insured was for the paid-up insurance, and must be so enforced.

We have examined our cases of *Sugg* v. *Assurance Society*, 116 Tenn., 658, 94 S. W., 936, and *Mills* v. *National Life Ins. Co.*, 136 Tenn., 350, 189 S. W., 691, cited on the briefs, but do not find them controlling. In *Sugg* v. *Assurance Society*, the insured did not have an unrestricted choice between paid-up insurance and extended insurance. He was entitled to the latter at the date of his death only upon furnishing satisfactory evidence of his good health, a condition excluding all possibility of election by the beneficiary after the death of the insured.

The decree of the chancellor will be reversed, and decree entered here awarding complainant a recovery

for the stipulated value of the paid-up insurance, $182.50, with interest from July 18, 1931. The costs of both courts will be paid by the appellant.

McKinney and Cook, JJ., dissenting.

Chambliss, J. (concurring).

I add to the well-reasoned opinion of Mr. Justice Swiggart this further comment:

In common with life insurance contracts generally, the one before us recognizes the rights of the insured in what is known as "accumulated reserves," and, expressly providing against forfeiture of such rights upon default in the payment of premiums, gives to the insured his option to enjoy either of three alternative forms of settlement, (1) in cash, (2) in paid-up insurance, and (3) in extended insurance. Many forms of policies provide that, unless a choice is made of (1) cash, or (2) a paid-up policy, the reserves will be applied in extending, or keeping in force, the insurance at the face of the original policy. However, the instant contract, while offering to the insured, for exercise within ninety days, identically the same optional settlements, expressly provides that, if no other option is selected, the policy will be continued in force under the paid-up insurance option.

This would seem to be clear. But the insurer having died within ninety days without expressing his choice, that is, exercising his option, his beneficiary claims the right to do so. This presents the determinative issue. May the beneficiary, after the death of the insured, exercise the option granted to the insured? I think not.

The "Non-Forfeiture provisions" of the contract, as

specifically expressed therein, provide that it is "the insured" who may exercise the option granted; also it is "action on the part of the insured" under the option which is referred to in paragraph 2 of the option clause. And it seems to me that the reason for this limitation of the right to the "insured" is obvious. The element of chance in the situation of the parties, on which the option right is, of course, essentially grounded, expires with the death of the insured. No sensible basis for the exercise of a choice then remains. It could certainly not have been in the contemplation of the parties that this right of choice would remain after the uncertainty of the length of the life of the insured, an inherent element of all life insurance, has been determined by death. Can it be conceived that the contracting parties contemplated that a choice or option was intended to be provided for between the acceptance of either one of two fixed and determined alternative sums, to-wit, here, $182.50, or $833.33? The dissenting view not only disregards the express limitation of the option to the insured, but presents this anomaly: The insurer stands holding out to the beneficiary two sums, of $182.50 and $833.33, respectively, and saying, "You have your option—make your choice."

Query: Could an offer to insure a life for a stated sum, in favor of a stipulated beneficiary, if accepted within ninety days, be effectively accepted by the beneficiary after death of the insured?