### FORD v. LIBERTY INDUSTRIAL LIFE INS. CO., Inc.*

### No. 4907.

Court of Appeal of Louisiana.
Second Circuit.
Dec. 5, 1934.

Thompson & Dorman, of Monroe, for appellant.

Robert Layton, of Monroe, for appellee.

MILLS, Judge.

On July 30, 1928, defendant, an insurance company observing the legal reserve laws of this state, issued to Wesley Ford a policy in the amount of $210. The last premiums, paid on January 30, 1933, paid up the policy through February 6, 1933. The insured died May 4, 1933, the beneficiary, Mrs. Ida Ford, plaintiff herein, submitting proof of death May 10, 1933. She demanded payment of the face value of the policy, which being refused, the present suit was instituted to enforce same.

On March 9, 1934, after the suit was filed, defendant made a legal tender of and deposited in court $22.05 which it admitted owing in its answer, together with interest and costs to date.

The only question in the case is whether plaintiff, under the terms of the policy, is entitled to paid-up insurance for a reduced amount represented by the tender of defendant; or, as claimed by plaintiff, to an extended short term policy for its face value, it being admitted that the cash surrender value would pay the premiums beyond the date of

the death of insured. Section 2 of Act No. 193 of 1906 provides for the disposition of this reserve value in certain cases.

These provisions of said act govern the automatic application of extended insurance, but do not apply to policies which themselves make provision for the application of the reserve, in the event of lapse, which does not conflict with the act.

"But the statute makes no requirement that it be applied in any particular way, but expressly recognizes the right to apply it 'as agreed upon in the policy.'" Succession of Watson v. Metropolitan Life Ins. Co. (La. App.) 156 So. 29, 33.

It follows that, if there is in the policy any agreement as to the application of the reserve and if that agreement produces a result not repugnant to the statute, then the policy provision must be carried out unhampered and unaffected by the statute. It is only where no disposition is provided for in the policy, or where several optional methods are provided and none has been selected by the assured, that the statute requires that the reserve shall be applied to the purchase of extended insurance for a short time and for the full amount. This thought is expressed in the words " * * * if no other option expressed in the policy be availed of by the owner thereof. * * * "

The policy provides: "If this policy shall lapse for nonpayment of premium after premiums have been duly paid for three full years, or more, the insured, without any action on his or her part, will become entitled to paid-up insurance for a reduced amount, in conformity with the Combined Experience Table of Mortality with 4% interest, such paid-up policy to become payable by the death of Insured, as specified in this policy; or in lieu thereof the insured may surrender the policy within three months after such lapse, and then will be entitled to receive an extended term insurance policy for the respective term calculated as aforesaid, the amount of the insurance payable if death occurs within said term to be the same amount as that which would have been payable if this policy had been continued in force."

The act provides: "The reserve on such policy computed according to the standard adopted by said company, together with the value of any dividend additions upon said policy, after deducting any indebtedness to the company and one-fifth of the said entire reserve, shall upon demand with surrender of the policy be applied as a surrender value as agreed upon in the policy, provided that if

no other option expressed in the policy be availed of by the owner thereof, the same without any further act on the part of the owner of the policy, shall be applied to continue the insurance in force at its full amount including any outstanding dividend additions less any outstanding indebtedness on the policy. * * * " Act No. 193 of 1906, § 2.

In other words, under the act, if the insured does not surrender the policy and demand a paid-up policy for the surrender value, within the required period, then without any action on the part of the insured the reserve value is applied to continue the insurance in force at its full amount so long as such reserve value will purchase the insurance. Whereas, under the terms of the contract the opposite is true; that is, if nothing is done by the insured, the reserve is applied to paid-up insurance for a reduced amount. It is only applied to term insurance for the full amount in the event the insured shall within three months surrender the policy and so demand.

In the present case the insured died within the three months without having availed himself of the in lieu proviso. After the expiration of the three months, the beneficiary surrendered the policy and herself demanded payment of its full face value, which was refused; whereupon this suit was filed.

We think that what is meant by the decision in the Watson Case, supra, is that the terms of the act only govern where the policy itself does not specifically direct how the reserve shall be applied, provided, of course, these directions are not repugnant to the act.

■ We do not find that several options are offered in the present policy. It directs how the reserve shall be applied and that this disposition shall take effect immediately upon the lapse of the policy, subject to be defeated only by the action of the insured in demanding, within the required time, the in lieu provision. This is not an option which requires acceptance on the part of the insured, but is a positive provision which, if it stood alone, would in view of the Watson Case be clearly decisive of the issue presented herein. But the policy does go further. It contains the in lieu proviso quoted above. It provides further that if, within three months, the insured does not avail himself of the in lieu proviso, the first provision for the disposition of the reserve shall become final. In other words, the finality of the first provision is conditioned on "the failure of the insured to exercise the in lieu option within the specified time." In this case the

insured did not comply with this condition before his death. After that unfortunate event, the fulfillment of the condition which was personal to the insured became impossible. That it was personal to the insured is clear, as after his death no option remained as the beneficiary would, in all cases, choose the larger face value rather than the infinitely smaller paid-up insurance.

The insurance contract, then, became final on the death of insured, only one method of applying the reserve being in effect. This method is not repugnant to the act as it is expressly permitted therein.

Plaintiff relies upon the case of North Carolina Mutual Life Ins. Co. v. Terrell, 227 Ala. 410, 150 So. 318, 320, 89 A. L. R. 1459, decided by the Supreme Court of Alabama. In the decision the court quotes with approval the following:

"The 'language adopted in their policies * * * is so diverse that almost every case stands upon its own peculiar facts and is incapable of any great extension as precedent in other cases.' "

The pertinent provisions of the policy sued upon in that case are:

"After three full annual premiums shall have been paid the Insured may within three months after default in the payment of any premiums surrender this policy and have the choice of the following options:

"(1) Receive its cash surrender value, less any indebtedness to the Company hereon. The cash surrender value shall be the reserve on this Policy at the date of default, plus the reserve on any paid-up additions thereto and any dividends standing to the credit of this policy, less a surrender charge for the first twenty years, which in no case shall be more than two and one-half per cent of the sum insured; or

"(2) Receive paid-up insurance as is provided below, payable at the same time and on the same conditions as this Policy. If no other option is selected this Policy will be continued in force under this option without any action on the part of the Insured; or

"(3) Receive extended insurance for an amount equal to the face of this Policy, provided there is no indebtedness to the Company hereon, and for such term in years and months from the date of default as is provided below, but without the right to loans and cash surrender values."

It will be noted that these terms differ entirely from those in the policy involved in the present case in that the choice of three options is provided for, to be made within a period of three months. True, in the paragraph providing for the second option we find the provision that, "if no other option is selected this Policy will be continued in force under this option without any action on the part of the Insured." Under the plain wording this could only take effect after the expiration of the three months' period without the exercise of any option by the insured. In that case the court correctly held that during the three months' period, or until one option was exercised, the policy continued in effect for the full amount of its face value.

The instant case presents an entirely different situation in that the policy under consideration provides not for the exercise of one of several options, but that "the insured without any action on his or her part will become entitled to paid-up insurance for a reduced amount." The policy, then, when it lapsed was continued as a paid-up policy subject to being changed into a reduced term full amount policy upon the fulfillment of the condition that the insured within three months surrender the policy and demand same. We do not consider the Alabama case at all in point.

We therefore conclude that under the clear terms of the policy the beneficiary in this case is not entitled to avail herself of the optional clause and can only recover the paid-up value of the policy as tendered.

Defendant has appealed from a judgment of the lower court for plaintiff as prayed for.

For the reasons above assigned, this judgment is amended by reducing the amount allowed to $31.77, without interest; plaintiff to pay the costs of both courts after the date of tender, the cost of the lower court up to that date to be paid out of the above amount which was tendered and deposited in the registry of the court.

DREW, Judge.

I respectfully dissent from the majority opinion of this court. It is admitted that the policy of insurance issued to the deceased had been in effect for more than three years before he became delinquent in paying the premiums. It is likewise admitted that deceased, the insured, died within the three months' period after he became delinquent in paying the premiums and that the reserve was sufficient to pay for extending the policy of insurance for the full amount up to the time of death of the insured. The policy provides:

"Nonforfeiture Provisions:

"This policy being issued by a company observing the legal reserve laws of the state of Louisiana is issued subject to the provisions of Act 193 of 1906, making life insurance policies issued by legal reserve life insurance companies to residents of this state nonforfeitable after three years' premiums have been paid.

"If this policy shall lapse for non-payment of premium after premiums have been duly paid for three full years or more, the insured, without any action on his or her part, will become entitled to paid-up insurance for a reduced amount, in conformity with the Combined Experience Table of Mortality with 4% interest, such paid-up policy to become payable by the death of the insured, as specified in this policy; or in lieu thereof the insured may surrender this policy within three months after such lapse and then will be entitled to receive an extended term policy for the respective term calculated as aforesaid, the amount of insurance payable if death occur within said term to be the same amount as that which would have been payable if this policy had been continued in force. If all premiums required by the terms of this policy have been paid, surrender for cash may be had at any time after the tenth anniversary of the policy for an amount calculated on the above standard. If there be any indebtedness under this policy, such indebtedness will operate to reduce the equity the insured or beneficiary may have in this policy, and all indebtedness on this policy shall be deducted from any settlement thereunder. For purpose of valuation, as required by law, the first 52 weeks under this policy is term insurance, and thereafter the policy shall be valued as a whole life policy."

Act No. 193 of 1906, §§ 1, 2, provides as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, That every contract or policy of life or endowment insurance (other than a term policy for twenty years or less) issued on the life of a resident of this State by any corporation or association organized under the legal reserve laws of this State, or of any other State and delivered within this State, shall, after January first, nineteen hundred and seven, contain a stipulation that after three full annual premiums have been paid thereon it shall not lapse or become void or be forfeited for non-payment of any premium thereafter, or of any note therefor, or of any loan on such policy, or of any interest on such note or loan, and that it is issued subject to the provisions of this Act relating to non-forfeiture.

"Section 2. Be it further enacted, etc., That no policy of life or endowment insurance (other than a term policy for twenty years or less) issued by any legal reserve life insurance company on or after January first, nineteen hundred and seven, after being in force three full years shall by its terms lapse or become forfeited by the non-payment of any premium or any note therefor, or of any loan on such policy or of any interest on such note or loan. The reserve on such policy computed according to the standard adopted by said company, together with the value of any dividend additions upon said policy, after deducting any indebtedness to the company and one-fifth of said entire reserve, shall upon demand with surrender of the policy be applied as a surrender value as agreed upon in the policy, provided that if no other option expressed in the policy be availed of by the owner thereof, the same without any further act on the part of the owner of the policy, shall be applied to continue the insurance in force at its full amount including any outstanding dividend additions less any outstanding indebtedness on the policy, so long as such surrender value will purchase nonparticipating temporary insurance at net single premium rates by the standard adopted by the company, at the age of the insured at the time of lapse or forfeiture, provided in case of any endowment policy if the sum applicable to the purchase of temporary insurance shall be more than sufficient to continue the insurance to the end of the endowment term named in the policy, the excess shall be used to purchase in the same manner pure endowment insurance payable at the end of the endowment term named in the policy on the conditions on which the original policy was issued, and provided further that any attempted waiver of the provisions of this paragraph in any application, policy or otherwise, shall be void, and provided further that any value allowed in lieu thereof shall be at least equal to the net value of the temporary insurance or of the temporary and pure endowment insurance herein provided for. The term of temporary insurance herein provided for shall include the period of grace, if any."

In Watson v. Metropolitan Life Insurance Company (La. App.) 156 So. 29, on page 33, the court said:

"But the statute makes no requirement that it be applied in any particular way, but

expressly recognizes the right to apply it 'as agreed upon in the policy.' It follows that, if there is in the policy any agreement as to the application of the reserve and if that agreement produces a result not repugnant to the statute, then the policy provision may be carried out unhampered and unaffected by the statute.

"It is only where no application is provided for in the policy, or where several optional methods are provided and none has been selected by the assured, that the statute requires that the reserve shall be applied to the purchase or extended insurance for a short time and for the full amount. This thought is expressed in the words '* * * if no other option expressed in the policy be availed of by the owner thereof. * * *' "

I fully agree with this statement of the law as made by our brothers of the Orleans circuit. The Watson Case appears to be the only case arising under Act No. 193 of 1906.

Clearly, to my mind, the nonforfeiture provision of the policy in question provides another optional method in the meaning of the statute, and the option was not exercised by the insured who died before the expiration of the three months' period provided for by the provision of the policy above quoted; and under the very plain wording of section 2 of Act No. 193 of 1906, the beneficiary in the policy was entitled to be paid the full amount of the policy.